Dewey, J.
Dunning and Fovel declared in trover against Barton for the conversion'of certain property, whererof they were jointly possessed as of their own proper goods and ^chattels. Plea, not guilty. Verdict and judgment for the plaintiffs.
The defendant moved the Court below to instruct the jury, that, to sustain the action, the plaintiffs must have proved themselves jointly interested in the property in dispute, as *223 well at the time of the commencement of the suit, as at that of the conversion by the defendant. The Court charged the jury that it was sufficient if the plaintiffs were jointly interested when the conversion took place, and refused the other branch of the instruction asked for. It is contended that this refusal is error. '
J. Pitcher, for the plaintiff.
W. T. T. Jemes, for the defendants.
The gist of the action in trover is the conversion. The remedy must be pursued by a person having had, at the time of the conversion, a general or special property in the chattel converted; and also the possession, or the right to the immediate possession of it. 1 Chitt. Pl., 148. The right of action, founded on the conversion, is not defeated by a subsequent transfer of the right of property. A purchaser under such a sale could not maintain trover for a conversion committed prior to the acquisition of his title. Horwood v. Smith, 2 T. R., 750. The Circuit Court committed no error in refusing to instruct the jury, that the plaintiffs, to maintain the action, must have been jointly interested in the property converted at the time of the commencement of the suit.
Per Owriam.—The judgment is affirmed with five per cent. damages and costs.