J. H. EDGINGTON v. E. G. COOK.

[FILED JULY 2, 1891.]

1. **Government Land**: TAXABLE WHEN SOLD ON CREDIT. Lands on the Pawnee Indian reservation, sold by the United States partly on credit, are taxable from the date of sale. In case of non-payment of taxes by the purchaser, his interest in the premises may be sold, and the tax purchaser will be subrogated to his rights in the land. (*Hagenbuck v. Reed*, 3 Neb., 17.)

2. ———: ———. A purchaser cannot claim equitable relief from taxation, upon the ground that if he fails to perform his contract the lands will lapse to the government.

ORIGINAL application for injunction.

*W. F. Critchfield*, for plaintiff, cited: *Ry. Co. v. Prescott*, 16 Wall. [U. S.], 603; *Ry. Co. v. McShane*, 22 Id., 444; *N. P. R. Co. v. Traill Co.*, 115 U. S., 600; *Van Brocklin v. Anderson*, 117 Id., 151.

*L. W. Morgan*, and *Till & M'Loud*, contra, cited: *Hagenbuck v. Reed*, 3 Neb., 17; *Eve v. State*, 21 Ga., 50; *Cody v. Lennard*, 45 Id., 85; *Scofield v. Perkerson*, 46 Id., 350; *Pullan v. Kinsinger*, 2 Abb. [U. S.], 94; *South Platte Land Co. v. Crete*, 11 Neb., 344; *Crawford v. Burrell*, 53 Pa. St., 219; *Tucker v. Ferguson*, 22 Wall. [U.

S.], 573; *Adsit v. Leib,* 76 Ill., 198; *Peoria v. Kidder,* 26 Id., 351; *Huston, etc., R. Co. v. Presidio Co.,* 53 Tex., 518; *Harrison v. Vines,* 46 Id., 15; *Bellinger v. White,* 5 Neb., 399; *White v.'R. Co.,* Id., 398; *Wallace v. Seymour,* 7 O., 156; 3 Pomeroy, Eq. Jur., sec. 1399; Cooley, Tax., 543; 1 High, Injunctions, secs. 497, 498.

MAXWELL, J.

This is an original action brought in this court to enjoin the collection of taxes assessed upon certain lands in the former Pawnee Indian reservation. The defendants have demurred to the petition upon two grounds, viz., a defect of parties plaintiff, and that the facts stated in the petition are not sufficient to constitute a cause of action. The petition is as follows:

"First—The plaintiff complains of the defendants for that the plaintiff is the owner in fee simple of the following described lands, to-wit: Lots seven and eight in the southwest quarter of section thirty-three (33); lots five and six in the southeast quarter of section thirty-three (33); lots seven (7) and eight (8) in the southwest quarter of section thirty-four, and lots five (5) and six (6) in the southeast quarter of section thirty-four, all in township of eighteen north, of range eight (8) west of the sixth principal meridian, in Nance county, Nebraska.

"Second—Said lands were purchased from the government of the United States by plaintiff on the 15th day of December, 1883, under the provisions of an act of congress, approved April 10, 1876, providing for the sale of the Pawnee Indian reservation in Nebraska, of which reservation said lands were a part; which said act of congress provided that the purchasers thereof from said government of United States, should pay the purchase price of said lands in three equal payments in the manner following, to-wit, one-third cash and the balance in two equal annual payments.

" Third—At the time said land was purchased from the government of the United States by plaintiff as aforesaid, only one payment of the purchase money, to-wit, the sum of \$——, was made to said government of the United States; and under the terms of said sale, which was had according to the provisions of said act of congress, there still remained two deferred payments, of \$—— each, to be made to said government before plaintiff should become entitled to the patents for said land.

" Fourth—The third and last payment of said purchase money, was not made on any of said lands to the said government of the United States until January, 1889, and no patent has been issued by said government for any of said lands.

" Fifth—In the year 1885, and each year subsequent to and including the year 1888, said lands were assessed by the assessor of South Branch township, in said Nance county, Nebraska, that being the township in which said lands are situated, and were by said assessor listed and entered upon the assessor's books of said township for each of said years as real estate to be taxed for state and county purposes, and in each of said years the county supervisors of said Nance county levied or pretended to levy upon said lands taxes for state and county purposes as follows : For the year 1885, \$5.89 ; for the year 1886, \$3.40 ; for the year 1887, \$5.48, and for the year 1888, \$3.76.

"Sixth—On the 12th day of July, 1887, the said defendant E. G. Cook, as county treasurer of said Nance county, Nebraska, sold, or pretended to sell, said land for the delinquent taxes for the said year 1885, levied on said lands aforesaid, the same not having been paid; and at said time the said defendant I. L. McCloud purchased said lands at said pretended tax sale from E. G. Cook as county treasurer of said county. Afterwards the said defendant I. L. McCloud paid the amount of taxes levied on said lands for the subsequent years, including the year 1888, to

the said county treasurer; that at the time said lands were assessed and taxed for said years as aforesaid, the title to the same was still in the government of the United States, and that the last payment of the purchase money for said lands had not been made to said government, and plaintiff was not entitled to a patent from said government for any part of said lands. At the times said lands were assessed and taxed for said years, as aforesaid, the same were not subject to taxation and said taxes were levied on said lands for an illegal and unauthorized purpose.

"The said defendant E. G. Cook, on said 12th day of July, 1887, and at the time of said pretended tax sale as aforesaid, was, and still is, the duly elected, qualified, and acting treasurer of said Nance county, Nebraska, and he is now threatening and intending as such treasurer to execute and deliver to said I. L. McCloud a tax deed for said lands under said pretended tax sale. If said tax deed is executed by the said defendant E. G. Cook, as such county treasurer, to the said defendant I. L. McCloud, it will constitute a cloud upon plaintiff's title to said lands. Plaintiff is without remedy at law.

"Wherefore plaintiff prays that the said defendant, E. G. Cook, as county treasurer of Nance county, Nebraska, and his successors in office, may be perpetually enjoined from executing a tax deed for said premises under said pretended tax sale to the said defendant, I. L. McCloud, or to any one for him or in his place and stead; that said assessments and the various levies of taxes made on said lands as aforesaid may be adjudged and decreed to be null and void; that the said defendant I. L. McCloud may be perpetually enjoined from claiming any interest in and to said lands by virtue of said pretended tax sale. Plaintiff prays for such other and different relief as may be just and equitable."

It will be observed that the plaintiff bases his claim for relief upon the sole ground that he had not paid the full amount of the purchase price of the land. Is that a cause

for equitable relief? We think not. So far as appears he has purchased the land in good faith, and claims to be the owner thereof. In equity he is the owner. It is true he may neglect to complete his payments, and so forfeit his rights in the premises, and thereby be divested of his interest in the land, but we cannot anticipate that he will so neglect to perform his contract, and even if we could, a court of equity could grant him no relief on that ground. If it is said that the title being in the United States that therefore the land is not taxable, the answer is, the lands are not taxed as to property of the United States, but as the property of the purchaser. The plaintiff is the purchaser, and claims that he is injured by the proposed taxation of the lands in controversy. As to the United States he is a mere volunteer, and his action in the premises has no force or effect in favor of or against the government.

In *Hagenbuck v. Reed*, 3 Neb., 17, it was held that school lands sold upon credit, were subject to taxation. This provision was modified by the act of 1879. The rule was adhered to in *White v. B. & M. R. Co.*, 5 Neb., 398. If the owner fails to pay the taxes due on the land, then his interest therein may be sold, and the purchaser be subrogated to his rights in the premises. All property within the state, with certain very limited exceptions, of which this not one, is taxable; and as there are no equitable grounds set forth in the petition to justify the interference of the court, the demurrer is sustained and the action

DISMISSED.

THE other judges concur.