21  591
22  462

M. COURTNEY, APPELLANT, *v.* MISSOULA COUNTY, RESPONDENT.

[Submitted Nov. 22, 1898.   Decided Dec. 5, 1898.]

*Sale of State Lands—Taxation Before Payment of Price.*

State lands after sale, but before the price is fully paid, are subject to taxation as the property of the purchaser, notwithstanding Constitution, Article 12, Section 2, exempts the property of the state from taxation, and that the state retains the legal title as security for the deferred payments, since the purchaser is the owner, for the purpose of taxation, after he has entered into possession, paid a portion of the price, and contracted to pay the balance, as required by Political Code, Section 3480 *et seq.*

*Appeal from District Court, Missoula County; F. H. Woody, Judge.*

ACTION by M. Courtney against Missoula county.   From a judgment sustaining a demurrer to the complaint, plaintiff appeals.   Affirmed.

*M. L. Cranch,* for Appellant.

*C. B. Nolan,* for Respondent.

PIGOTT, J.—This was an action for the recovery of the amount of certain state and county taxes paid under protest by plaintiff to the treasurer of Missoula county, which was assessed against lands listed in her name, purchased by her from the state of Montana under a contract providing that no patent should issue until certain payments had been made.   Defendant's demurrer to the complaint on the ground of insufficiency was sustained.   Judgment was thereupon entered against the plaintiff, and she appeals.

We would be warranted in refusing to consider the appeal. The transcript was not prepared in accordance with the requirements of rules 8 and 9 of this court (44 Pac. viii).   The brief of the appellant fails to specify any error relied upon, nor does it even purport to discuss the question raised by the record, and is barren of citation of pertinent authorities.

Counsel for defendant, however, has not objected in any way to these gross breaches of the rules; and we have therefore, with some hesitation, consented to entertain the appeal, and to refrain from visiting upon plaintiff the penalty deserved.

The single question in this case is, are state lands, after they have been sold and before the purchase price is fully paid, subject to taxation?

Plaintiff claims that the lands assessed, and upon which she paid the taxes, belong to the state of Montana, and that, therefore, the property was not subject to taxation. She invokes Section 2 of Article 12 of the Constitution, exempting from taxation the property of the state, and also a like provision of Section 3671 of the Political Code. These two provisions, she insists, exempt from any taxation land to which the state retains the legal title.

Exemption from taxation is a release from the obligation to contribute towards the support of the state. While the rule is that special tax laws are to be strictly construed against the state, and favorably to the taxpayer, upon the ground that neither person nor property may be subjected to special burdens without clear authority of law, yet the liability to general taxation is an incident to all land, and exemption, which is the exception, must be clearly made out; and those who claim under the exception must show that the property sought to be subjected to general taxation is within the terms of the exemption. (*Montana Catholic Missions* v. *Lewis & Clarke Co.*, 13 Mont. 559, 35 Pac. 2; *Tucker* v. *Ferguson*, 22 Wall, 527.) In this state all property is subject to taxation except that which is mentioned in the section of the constitution to which reference has been made.

Sections 3480–3483, 3485, 3490, 3491, 3733, Political Code, are indicative of the intent of the legislative assembly to subject state lands to the tax after a sale thereof and before the price has been fully paid. These sections provide, *inter alia*, that the lands belonging to the state must be sold to the highest bidder, and that the amount of the purchase money paid

at the time the bid is made must be at least 30 per cent. of the price.   Within 24 hours after such sale the purchaser must make the first payment required, and must then execute a bond conditioned for the payment of the residue of the purchase money in seven equal annual payments, with interest at the rate of 7 per cent. per annum, in default of which the purchaser forfeits $100 for each lot so by him bought.   The purchaser may, if he chooses, pay the whole amount of the purchase price at the time of the sale, or, it seems, at any time within the seven years.   Upon production to the state auditor of a certificate, with receipt of the treasurer indorsed thereon for the entire amount due, the auditor must cancel the bond, and letters patent for the land must be issued.   If any payment stipulated in the bond remains unpaid for one year after maturity, the board of state land commissioners may direct suit on the bond, or may again sell the land for the sum due; but such second sale shall not be made unless the occupation of the land has been abandoned for a year; and, in case such second sale be made, all previous payments shall be forfeited; and, if the sum due for principal and interest is not bid therefor at such second sale, the board may purchase the land for the state at the amount due, with the costs of sale.

Section 3491 reads:   "Any lands sold, for five years after the sale thereof, must not be assessed at any higher valuation than the estimate upon which they are sold, unless improvements within that time have been made thereon, in which case the value of the improvements must be added to the estimate."   Section 3733 is as follows:   "On or before the first Monday in March in each year, the state land agent must make out and transmit to the assessor of each county where lands or lots lie that may have been sold by the state, for which certificates of purchase, patents or deeds have issued during the year preceding, certified lists of such lands or lots, giving a description thereof by divisions or subdivisions; or lots and blocks, together with the names of the purchasers thereof."   For the purposes of taxation, "property" includes

"real estate," and within the definition of "real estate" is the possession of, claim to, ownership of, or right to the possession of, land.    (Section 3680, Political Code.)

The obvious design of the legislature was to provide for the taxation of lands sold by the state immediately upon the sale, even though the state retained the legal title thereto. We think the sections mentioned are not reasonably susceptible of any other interpretation; and it is to be observed that section 3733 was enacted for the sole purpose of advising the several county assessors with respect to such lands as may have been sold by the state for which either certificates of purchase or patents have issued, to the end that such lands might be listed to the vendees and assessed.

Has the property of the state been taxed? We think not. In a certain and qualified sense, the land intermediate the making of the contract of sale and the payment of the entire purchase price is the property of the state, for the state retains the legal title to secure the payment of the deferred portions of the purchase price; but plaintiff, the purchaser, having entered into a valid contract to pay the consideration agreed upon and to accept title to the land, which the state, on its part, is bound to convey, and having entered into occupation and made partial payments, is the owner for the purpose of taxation. A question identical in principle with the one presented in the case at bar was before the supreme court of Nebraska in *Edgington* v. *Cook*, 32 Neb. 551, 49 N. W. 369, and the court, upon full consideration, answered the question as we do the one here presented. (See, also, *Prescott* v. *Beebe*, 17 Kan. 320; *Board* v. *Ruckman*, 57 Ind. 96; *Wells* v. *City of Savannah*, 87 Ga. 397, 13 S. E. 442; *Farber* v. *Purdy*, 69 Mo. 601; *Taylor* v. *Robinson*, 34 Fed. 678.)

Under our constitution and statutory provisions, the property of the state may not be taxed. The interest of the state in the land, anterior to payment of the full purchase price, is its property, and that interest in no wise has been affected by the assessment. The land was not taxed as the property of the state, but as the property of the plaintiff, the

purchaser, who is the beneficial owner. Let the judgment appealed from be affirmed, and it is so ordered.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.