McCLEARY, RESPONDENT, *v.* CROWLEY, APPELLANT.

No. 1,031.]

[Submitted February 15, 1899. Decided February 27, 1899.]

*Forcible Detainer—Demand—Verdict—Judgment—Rules of Supreme Court—Briefs.*

1. Under Code of Civil Procedure, Sec. 2081, Subd. 1, making one guilty of forcible detainer who, by force or threats, unlawfully holds possession of any realty, whether

the same was acquired peaceably or otherwise, a demand for possession is not essential to be alleged in a complaint which charges that the possession was peaceably acquired but is withheld unlawfully and by force.

2. In forcible detainer a verdict is defective which fails to find that defendant detained the property.

3. A money judgment in forcible detainer is not sustained by a verdict which fails to find that defendant detained the property, since under Code of Civil Procedure, Sec. 2094, damages may be assessed only when occasioned by forcible detainer.

4. The Rules of the Supreme Court are made to be obeyed, not to be honored chiefly in their breach.

*Appeal from District Court, Madison County; Frank Showers, Judge.*

ACTION by P. J. McCleary against J. J. Crowley. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

*W. L. Holloway*, for Appellant.

*R. B. Smith, W. A. Clark* and *J. A. Knight*, for Respondent.

**PER CURIAM.**—McCleary brought this action of forcible detainer against Crowley in a justice's court in October, 1895. His complaint alleged that on September 8, 1895, he was in the actual peaceable possession, and entitled to the possession, of the Pay Rock Mining Claim, situated in Madison county, on which day, and during the temporary absence of plaintiff, defendant peaceably, but without right so to do, entered upon and took possession of the claim, and since that day has, by force and threats, unlawfully held and kept possession thereof, contrary to the form of the statute; and that, after entering, defendant willfully and maliciously demolished and destroyed a shaft house of the plaintiff on the property, to plaintiff's damage of $100; and that plaintiff has been injured in the further sum of $200 by reason of the forcible detention and loss of rents and profits. These allegations were denied by the answer. After trial in the justice's court, appeal was taken to the District Court, where a verdict was returned and judgment entered for plaintiff. Defendant appeals from the judgment and from the order refusing a new trial.

Rule V of this Court requires, among other things, that "the brief shall contain, in the order here stated: (1) A concise abstract or statement of the case, presenting succinctly the questions involved and the manner in which they are raised, which abstract shall refer to the page numbers in the transcript in such manner that pleadings, evidence, orders and judgment may be easily found." The transcript contains some 62 pages of evidence, and 9 pages of instructions given and refused. There are 7 specifications of particulars in which it is claimed the evidence is insufficient to justify the verdict, and 3 of particulars in which the verdict is against the law; there are also 26 errors of law assigned. Appellant's statement or abstract recites the contents of the pleadings; says that a trial was had, verdict returned, and judgment entered for $150 in favor of plaintiff; and that the appeal is taken from the judgment and order. Although subsequent portions of the brief discuss somewhat elaborately the various points, the abstract or statement fails to present the questions involved or manner in which they are raised; it fails to state the evidence, the objections, the rulings of the court, or the exceptions, and even omits to refer to pages where the matters of which complaint is made can be found. Respondent does not attempt to state the case, as he may do under Subdivision 4 of Rule V. We again call attention to the rule, which was made to be obeyed, not to be honored chiefly in its breach. The statement does, perhaps, contain enough to present the question whether the complaint states a cause of action, and also the question whether the verdict is responsive to the issues and supports the judgment. We shall therefore consider these questions which are raised by the appeal from the judgment, and shall not examine into the various errors relied upon in support of the motion for a new trial further than to say that the evidence was sufficient to go to the jury on all the issues; that much hearsay and irrelevant matter was admitted; and that the instructions are not wholly consistent. If a reasonable degree of care is exercised, it is not likely that the more serious of these errors will occur at another trial.

The action is based upon Subdivision 1 of Section 2081 of the Code of Civil Procedure, which reads: "Every person is guilty of a forcible detainer who either: (1) By force or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property or mining claim, whether the same was acquired peaceably or otherwise. * * *" The complaint alleges that the defendant, having acquired peaceable possession, unlawfully and by force held and kept the possession from plaintiff. A demand is not necessary to be averred as an element of plaintiff's cause of action. The only objection made to the complaint is that it fails to state a cause of action because a demand is not alleged, and as against this objection the complaint is good.

The verdict is as follows: "We, the jury in the above-entitled cause, find that, at the date of commencement of this suit, the plaintiff was entitled to the possession of the Pay Rock mine, and we assess his damages at $150." The judgment is that plaintiff recover such sum. A verdict must always be responsive to, and find upon, every issue necessary to a recovery, and must support the judgment. The grava-men of the action is the forcible detainer, without the existence of which the defendant must prevail. That the verdict in this case does not decide that defendant forcibly detained the property is too clear to permit of argument; indeed, it does not even declare that the plaintiff was entitled to the possession on September 8th. Had the jury found, also, that plaintiff was entitled to possession on that day and when the action was commenced, non constat that defendant then or any time held and kept possession by force as well as unlawfully. For aught that appears, the jury believed that defendant was occupying without right, but not by means of force. It is such a verdict as would be proper, in the ordinary action of ejectment, to try the right of possession; where the only wrong complained of is the unlawful occupancy by defendant. Under Section 2094 of the Code of Civil Procedure, a general or special verdict, as defined by Section 1100 of the same Code, would doubtless be proper. But in this case the jury did not

find either generally or specially upon the vital issue, the determination of which in favor of the plaintiff was absolutely indispensable to his recovery. Nor is the judgment, which is for money only, supported by the verdict; for in such an action as the one at bar damages may be assessed only when occasioned by forcible detainer. (Section 2094, *supra.*) Damages are merely incidental to the detainer.

The judgment is reversed, and the cause remanded.