BABCOCK, Respondent, *v.* CALDWELL, Sheriff, Appellant.

[No. 1092.]

[Submitted April 19, 1899. Decided April 24, 1899.]

*Conversion—Pleading—Allegations of Ownership—Appeal—*
*Matters not in Record—Rules of Supreme Court—Briefs—*
*Assignment of Errors.*

1. In conversion, where damages only are recoverable, it is sufficient to allege plaintiff's ownership and possession on the date the property was converted, as distinguished from on the date of the commencement of the action.

*Obiter.*—In an action to recover the possession of chattels, the rule is different.

2. Where the amendment allowed to an amended answer is not in the record, nor its character or substance revealed by the transcript, it will not be considered.

3. The distinct and separate setting out of the specifications of errors in appellant's brief, as required by Subdivision 3 of Rule V of the Supreme Court, is as essential to the determination of the appeal as was an assignment of errors at the common law.

4. A substantial compliance with the Rules of the Supreme Court is a condition precedent to the determination of an appeal upon the merits.

*Appeal from District Court, Gallatin County; Frank Henry, Judge.*

Action by W. H. Babcock against White Caldwell, Sheriff of Gallatin County. From a judgment for plaintiff and from an order refusing a new trial, defendant appeals. Affirmed.

*J. L. Staats* and *Luce & Luce,* for Appellant.

*B. S. Thresher* and *C. E. Sutton,* for Respondent.

PER CURIAM.—This was an action to recover damages for the alleged conversion of a certain sawmill and appliances. Verdict and judgment for plaintiff. Defendant appeals from the judgment and from an order refusing a new trial.

1. Defendant attacks the complaint upon the ground that it fails to state a cause of action by reason of the omission therefrom of an allegation that the plaintiff was the owner and entitled to possession at the commencement of the action. The

complaint avers, among other things, that "on the 24th day of September, 1895, the plaintiff was the owner and in possession of" the property, and that on said day the defendant took possession of the same and converted it to his own use. It is not necessary in a case of this kind, where damages only are recoverable, that plaintiff's ownership and right of possession, or either, should have existed when the action was begun. (*Barton* v. *Dunning*, 6 Blackf. 209; *Baals* v. *Stewart*, 109 Ind. 371, 9 N. E. 403; Cooley on Torts, Sec. 443; Estee on Pl. & Prac. Secs. 2098–2100; *Sawyer* v. *Robertson*, 11 Mont. 421, 28 Pac. 456.) In an action to recover the possession of chattels, the rule is different. The complaint is sufficient.

2. The record contains a copy of an amended answer. It further appears that "on the trial of said cause the said amended answer was further amended by leave of court, which said amended answer as so amended was in the words and figures following, to-wit: (Here insert said amended answer as amended.)" But neither the amendment nor the amended answer as amended is inserted. Nothing is contained in the transcript by which the character or substance of the amendment is revealed. The effect of the amendment was to supersede the amended answer, which thereupon ceased to perform any office as a pleading. What issues, if any, were made by the amended answer as amended, we cannot determine. The defendant's attention was invited on the oral argument to this condition of the record; but he has not suggested a diminution, nor asked to have the seeming error corrected.

3. The brief of defendant is not conformable to Subdivision 3 of Rule V of this Court, in that there is no proper specification of errors relied upon. The several specifications must be sought for, and may be discovered, in that portion of the brief devoted to the argument, and consisting of some 24 pages. They are distributed here and there throughout these pages. The specification of errors required by the rule is designed to serve the purpose which an assignment of errors accomplished at the common law, and the specification is now as

essential as the assignment was formerly.   The rule contemplates that the specification of errors shall be distinct and separate from the other parts of the brief, constituting a division by itself.   This serious defect of the brief was adverted to on argument, but no effort has been made to cure it.   Substantial compliance with the rules of this court is a condition precedent to the determination of an appeal upon the merits. (*McCleary* v. *Crowley*, 22 Mont. 245, 56 Pac. 227.   See, also, *Beck* v. *O'Connor*, 21 Mont. 109, 53 Pac. 94; *Courtney* v. *Missoula Co.*, 21 Mont. 591, 55 Pac. 359.)

Let the judgment and order appealed from be affirmed.

*Affirmed.*