CHARLES SCHATZLEIN PAINT CO., Appellant, *v.* GODIN et al., Respondents.

[No. 1254.]

[Submitted October 31, 1900.   Decided November 26, 1900.]

*Appeals—Rules of the Supreme Court—Briefs—Specification of Errors.*

1.   Where appellant's brief does not comply with Supreme Court Rule 10, Subdivision 3, providing that the brief must contain a specification of the errors relied on, set out separately and particularly, and properly numbered, the judgment of the lower court will not be reviewed.
2.   A substantial compliance with the rules of the Supreme Court, touching appellants' briefs is a condition precedent to a determination of an appeal upon the merits.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

Action by the Charles Schatzlein Paint Company against Henry Godin and others.   From a judgment of nonsuit and an order overruling its motion for a new trial, plaintiff appeals. Affirmed.

*Mr. W. E. Carroll*, for Appellant.

*Mr. J. L. Wines*, for Respondents.

**MR. CHIEF JUSTICE BRANTLY** delivered the opinion of the Court.

Action to foreclose a mechanic's lien.    The trial was by the court without a jury, and resulted in a judgment of nonsuit. Plaintiff has appealed from the judgment, and an order overruling its motion for a new trial.

The appeal cannot be considered, for the reason that appellant's brief does not meet the requirements of Subdivision 3, of Rule X of this Court (22 Mont. xxxiv., 57 Pac. vii.) in that it contains no specification of errors relied upon, set out "separately and particularly," and properly numbered.    Indeed, counsel for appellant has made no attempt whatever to comply with the rule, but has left it to this Court to gather from a somewhat extended argument the questions which he desires to have considered.    This task we must decline to undertake.    The requirements of the rule are clear and explicit, and have been so often called to the attention of counsel during the past few months that it should not be necessary for us to state again that a substantial compliance with this, as well as the other rules of this Court, is a condition precedent to a determination of an appeal upon the merits.    (*Babcock* v. *Caldwell*, 22 Mont. 460, 56 Pac. 1081, and cases cited; *Missoula Mercantile Co.* v. *O'Donnell*, 24 Mont. 65, 60 Pac. 594; *Cole et al.* v. *Ryan*, 24 Mont. 122, 60 Pac. 991.)

Let the judgment and order be affirmed.

*Affirmed.*

Mr. Justice Word, being absent, takes no part in this decision.