REHBERG, RESPONDENT *v.* GREISER, APPELLANT.

[No. 1255.]

[Submitted November 1, 1900. Decided November 26, 1900.]

*Appeal—Rules of the Supreme Court—Briefs—Specification of Errors.*

Where appellant's brief does not contain a specification of the errors relied on, numbered and set out separately and particularly, as provided by Sup. Ct. Rule 10, Sec. 3, Subd. "b" the judgment of the lower court will be affirmed.

ON MOTION FOR REHEARING.

1. The rules of the Supreme Court demand that any error intended to be urged by appellant must be particularly specified, and all the errors specified must be grouped together and must constitute a division of appellant's brief separate and distinct from the statement of the case and from the argument, and without such proper specification the appellant is in no position to demand that any supposed error be considered by the appellate court.

2. The distinctions which the statutes draw, and the cases recognize between "exceptions" to verdicts or decisions on the ground of the insufficiency of the evidence to justify the same, and to errors in law occurring at the trial, pertain to the procedure in the district courts upon motions for new trials and in no wise affect the rule of the supreme court requiring the errors relied upon in the latter court to be specified in appellant's brief.

3. The fact, that failure to comply with the requirements of its rules has been occasionally overlooked or disregarded by the supreme court, furnishes no reason why the practice should be continued.

4. The supreme court has inherent power to affirm or dismiss orders or judgments appealed from when not presented in substantial compliance with its rules.

*Appeal from District Court, Lewis and Clarke County; Henry C. Smith, Judge.*

ACTION by Edward Rehberg against Gus Greiser. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Affirmed

*Messrs. Shober & Rasch,* for Appellant.

*Mr. T. J. Walsh,* for Respondent.

**MR. JUSTICE PIGOTT** delivered the opinion of the court.

The plaintiff brought this action to recover a judgment against the defendant for damages, and for an injunction perpetually restraining him from preventing the one-half of the water flowing through a certain ditch from passing into the ditch of plaintiff. A trial was had by the court sitting with a jury. From the judgment, and from an order denying his motion for a new trial, the defendant has appealed.

After hearing the oral arguments of counsel, we were clearly of the opinion that the judgment and order refusing a new trial were correct, and that they should be affirmed upon the merits; but we find upon examination of the brief filed in behalf of the appellant that it wholly fails to comply with Sub-

division "b" of Section 3 of Rule X of the Rules of this Court, in that it does not contain such a specification of errors as is thereby required. There is no attempt to make the brief conformable to the subdivision, which requires that the appellant's brief "shall contain, in the order here stated: * * * (b) A specification of errors relied upon, which shall be numbered and shall set out separately and particularly each error intended to be urged. * * * " Under the now settled and uniform practice of this court, the only disposition which we can make of the appeals is to affirm the judgment and order without discussion of the merits; which is accordingly done. (*Charles Schatzlein Paint Co.* v. *Godin*, this day decided, *ante* p. 483, 62 Pac. 819, and the authorities therein cited.)

*Affirmed*

MR. JUSTICE WORD, being absent, takes no part in this decision.

## ON MOTION FOR REHEARING.

[Submitted December 15, 1900.   Decided December 17, 1900.]

MR. JUSTICE PIGOTT delivered the opinion of the Court.

Since the opinion in this case was handed down the death of the appellant has been suggested, and the executrix of his will has been substituted as the appellant. The executrix appears and moves for a rehearing upon the ground that in the opinion (24 Mont. 62 Pac. Rep. 820) we applied to the brief of the appellant a rule which was not published until long after the brief was deposited in the office of the clerk. The copies of the brief before us bore no filing marks and we assumed that it had been filed after the adoption of the present rules. It is true that the rule quoted in the former opinion differs somewhat from the rule in existence at the time the brief was filed. Section 3 of Rule V, which went into effect January 1, 1896, provides that the brief shall contain "in the

order here stated: 1. A concise abstract or statement of the case, presenting succinctly, the questions involved, and the manner in which they are raised, which abstract shall refer to the page numbers in the transcript in such manner that pleadings, evidence, orders and judgment may be easily found. 2. A specification of errors relied upon which shall set out separately and particularly each error asserted and intended to be urged. * '' In the motion for a rehearing counsel for the appellant say that a reversal of the judgment and order denying a new trial was asked for because of the insufficiency of the evidence to sustain the findings of the court, and because the decision is against law. The abstract or statement of the case contained in the brief recites that the action is for a permanent injunction against the defendant, enjoining him from diverting waters of the Prickly Pear creek, to which the plaintiff and defendant claim to be entitled, from a certain ditch tapping the creek, jointly constructed and owned by the parties. After reciting the contents of the pleadings, it proceeds:

"A jury trial was had, and nineteen special findings were returned. (Tr. pp. 139–142.) The court reserved its decision on said findings, and thereafter set aside certain of the findings returned by the jury, substituted in their places findings of its own, and rendered a judgment and decree in favor of plaintiff and respondent. (Tr. pp. 142–144.) Thereafter defendant Greiser moved for a new trial. The motion was by the court overruled. The defendant appeals from said judgment and decree and the order of the court overruling defendant's motion for a new trial."

This statement or abstract of the case, at least in so far as the question whether the evidence justified the finding is involved, does not conform to the requirements of the rule. It does not appear from the statement, or from any reference therein made, what the evidence was or what it proved or tended to proved. There is not a suggestion with respect to evidence, nor that any was received. Immediately following the so-called "Statement of the Case" is the argument.

Neither in its proper place nor elsewhere in the brief is there set out in accordance with the command of the rule a specification of errors relied upon. Here and there in the argument may be gleaned the reasons urged for reversal; but the rule requires that the errors specified must be grouped together and must constitute a division of the brief separate and distinct from the abstract and from the argument. In the respect just mentioned the brief violates the rule as seriously as did the one condemned in *Babcock* v. *Caldwell*, 22 Mont. 460. In that case it was said that the specification of errors required by the rule is designed to serve the purpose which an assignment of errors accomplished at the common law; this was perhaps not entirely accurate. The assignment is the pleading filed by the plaintiff in error in the court to which the cause has been transferred by the writ of error, and is jurisdictional; its function in the higher court may be likened to the function of the declaration in the lower court, and the joinder-in-error, which makes the issue, is akin to a plea in general denial. The assignment performs the further office of calling attention to the errors relied on. The specification required by the rule of this Court may not be indispensable to jurisdiction; it is, however, essential for the purpose of pointing out with particularity the errors relied upon for reversal, and hence it performs the second office at least of the common law assignment. For convenience and as an aid to the Court in the consideration and determination of appeals the rule requires that the errors relied upon shall be specified and grouped together after the statement of the case.

Counsel assert that the rule requires only a specification of the errors in law relied upon, and does not require a specification of the insufficiency of the evidence to justify a finding or other decision of the court, nor that the decision is against law. Their position is, that when the only points relied upon for reversal are that the evidence was insufficient and the decision was against law, the rule does not contemplate a specification of errors. To support the position they instance, Section 1171 of the Code of Civil Procedure, which among

other grounds for a new trial enumerates the following:   (1) Insufficiency of the evidence to justify the verdict or other decision; (2) that the decision is against law; (3) errors in law occurring at the trial and excepted to.   They invoke also Section 1173 of the same Code, which provides that when the notice of motion for a new trial "designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient.  When the notice designates as the ground of the motion errors in law, occurring at the trial and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely."   They cite also *Bardwell et al.* v. *Anderson et al.*, 18 Mont. 528, where it was held that specifications of error in law in a new-trial statement are not to be confounded with specifications therein of the insufficiency of the evidence, and that insufficiency of the evidence to justify a particular finding of fact may not be presented by means of a specification of errors in law.   These distinctions which the statutes draw and the cases recognize pertain to the procedure in the district courts upon motions for new trials and in nowise affect the rule of the Supreme Court requiring the errors relied upon in the latter court to be specified in the briefs. This Court, when exercising its appellate jurisdiction, is a court for the correction of errors committed in or by the court or. judge *a quo*.   Whether a "decision against law" includes anything but a verdict or special finding of a jury returned contrary to the law as declared in the charge of the court, we do not pause to inquire, for the appellant uses the term as meaning that the findings do not sustain the judgment and that the judgment is therefore erroneous.   Such supposed error, to be considered here, must be specified in the brief; it is plainly an error of law.   The denial of a proper motion to vacate a finding, verdict or decision which was not supported by any evidence is also manifestly an error of law. What the evidence tends to prove is a question of law, and hence a finding by a court of a fact which is not supported by

any evidence whatever is equivalent to a decision or .ruling that there was some evidence tending to prove what is found when in truth there was none, and this also presents a question of law which, when the finding is excepted to, becomes a proper subject for review on writ of error at the common law and on appeal under the Code of Civil Procedure of Montana. (The "Francis Wright," 105 U. S. 381; The "E. A. Packer," 140 U. S. 360; Alexandre v. Machan, 147 U. S. 72, 13 S. C. Rep. 211; Bedlow v. New York Floating Dry Dock Co., 112 N. Y. 263; Fernald v. Bush, 131 Mass. 591; and see Styles v. Tyler, 64 Conn. 432.) The three errors referred to are unquestionably errors of law and must be specified; and so must any other error relied upon. What evidence in substantial conflict proves—that is to say, what inference of ultimate fact is to be deduced from disputed evidentiary or probative facts—is a question of fact the final determination of which is confided to the trial court or jury whose decision cannot be overturned by this Court upon the ground that the evidence preponderated against the finding or verdict; but in cases where the desision is so clearly against the weight of the evidence as to require the inference that it was made under the influence of passion, prejudice, bias or corruption, this Court will set aside the decision as error and remand the cause for a new trial; and whether such decision be deemed an error in law or an erroneous inference of fact is immaterial in respect of the necessity for specifying the error in the brief as a condition precedent to its consideration by this Court. Each error asserted and intended to be urged must be particularized as the rule requires. If an error in matter of fact can be reviewed by this Court, it must be specified; if it cannot be reviewed by this Court, then it is not the subject of a specification. The rule demands that the error intended to be urged must be particularly specified, and without the proper specification the appellant is in no position to demand that any supposed error be considered.

It is also said by counsel that this Court has hitherto decided some cases on the merits where the briefs were in the

condition of the one filed by the appellant. If this be true it certainly does not follow that the Supreme Court must or should abrogate the rule for the benefit of the appellant in this case. That a failure to comply with the requirements of the rule has been occasionally overlooked or disregarded furnishes no reason why the practice should be continued. The appellant's brief has been on file for more than two years, and during that period this Court has affirmed many judgments and orders for the reason that the briefs did not meet the demands of the rule, and an ample opportunity has been afforded him to apply for leave to file a new brief or for leave to amend,— indeed, at the time the cause was argued and submitted the defects were adverted to,—but no effort was made to supply them.

We are told that the only penalty prescribed by Rule V of the rules of 1896 is that if the brief does not conform therewith it shall be returned by the clerk without filing. Such penalty is not the only one, for inherent power to affirm or dismiss orders, and judgments appealed from when not presented in substantial compliance with its rules, resides in this Court.

The motion for a re-hearing is denied.

*Denied.*