KRANICH, Appellant, *v.* HELENA CONSOLIDATED WATER COMPANY, Respondent.

(No. 1,439.)

*Appeal—Judgment Roll—Record on Appeal—Bill of Exceptions—Striking from Record—Rules of Supreme Court—Briefs.*

1.  Where a bill of exceptions is prepared and settled under the provisions of Section 1154, or of Section 1155, of the Code of Civil Procedure, it is part of the judgment roll described in Section 1196, and when a copy thereof certified as correct is included in the transcript filed on appeal, as required by Section 1736, it should not be stricken from the record on the ground that it was not served or filed in time.
2.  Where a bill of exceptions is prepared as a bill on motion for a new trial under the provisions of Subdivision 2 of Section 1173, and is relied upon by the appellant on appeal from the judgment, it is not embraced in the judgment roll, but is part of the record on the appeal and as such, when properly furnished by copy to the supreme court, may not be stricken out on the ground that it was not served or filed in time.

3. Where appellant's brief fails to comply with the requirements of Subdivision "a" of Section 3 of Rule X of the Supreme Court, the judgment appealed from will be affirmed (unless the respondent moves a dismissal of the appeal because of such failure).

*Appeal from District Court, Lewis and Clarke County; H. C. Smith, Judge.*

ACTION by William Kranich against the Helena Consolidated Water Company. From a judgment for defendant, plaintiff appeals. Motion to strike the bill of exceptions from the record. Denied. Judgment affirmed.

*Messrs. Sanders & Sanders,* and *Mr. H. J. Burleigh,* for Appellant.

*Messrs. Clayberg & Gunn,* for Respondent.

MOTION TO STRIKE OUT BILL OF EXCEPTIONS.

(Submitted March 26, 1902.   Decided March 27, 1902.)

MR. JUSTICE PIGOTT delivered the opinion of the court.

The plaintiff has appealed from a final judgment. The defendant moves that the bill of exceptions included in the transcript be stricken therefrom for the reason that it was neither served nor filed in time, and is therefore not properly a part of the transcript or record on appeal. The objections of the defendant to the settlement, together with the matter in support of the objections, appear upon the face of the bill.

The record on appeal from a final judgment consists of a copy of the notice of appeal, of the judgment roll, and of any bill of exceptions or statement of the case upon which the appellant relies. (Section 1736 of the Code of Civil Procedure.) If the bill, the copy of which is sought to be stricken, was prepared and settled under the provisions of Section 1154, or of Section 1155, of the Code of Civil Procedure, it is part of the judgment roll described in Section 1196, and is authorized or required to be furnished by copy as part of the record on appeal

from the judgment. If it was prepared and settled as a bill on motion for a new trial under the provisions of Subdivision 2 of Section 1173, and is relied upon by the appellant, it is not embraced in the judgment roll, but is part and parcel of the record on the appeal and as such may be furnished by copy to this court. So far as the motion is concerned, it is not necessary to inquire whether or not the bill is part of the judgment roll. It was settled and certified by the judge of the trial court, and was then filed with the clerk of that court. The appellant relies upon it. It is properly embraced in the record on appeal. Whether its contents can be considered is a question which does not now arise. The motion must be denied. "None of the properly authenticated and certified papers authorized or required to be furnished to this court upon appeals ought ever to be stricken out when presented in conformity with the rules. Their place is in the record. Their effect is properly a matter for determination upon consideration of the case upon the entire record. For example, the notice of intention to move for a new trial is not one of the papers constituting the judgment roll, nor is it one of the papers described in Sections 1176 and 1738 of the Code of Civil Procedure, as required to be furnished on appeal from an order granting or denying a new trial. It is therefore no part of the record on appeal, and hence will be stricken out even if formally certified by copy, as was done in *Carr, Ryder & Adams Co.* v. *Closser,* 25 Montana, 149, 63 Pac. 1043. If, however, the notice of intention to move for a new trial be included in a statement or bill of exceptions on motion for a new trial, it is thereby made a constituent part of the record on appeal, and should not be stricken out, even though it may have been served or filed out of time, and must be disregarded upon the submission of the case. So with a statement or bill of exceptions used on the hearing of a motion for a new trial. When certified and brought to this court in the regular mode, it is part and parcel of the record on appeal, and is entitled so to remain, although, because of some defect or invalidity, such as failure to contain

a specification of the particulars in which the evidence is insufficient, it may not be capable of subserving the purpose for which it was intended, or must be disregarded because a draft of the proposed statement was not served in time." (*Beach* v. *Spokane Ranch & Water Co.,* 25 Mont. 367, 371, 65 Pac. 106, 108.) This rule of practice we approve.

Let the motion be denied.

---

APPEAL FROM JUDGMENT.

(Submitted April 14, 1902.   Decided April 18, 1902.)

MR. JUSTICE PIGOTT delivered the opinion of the court.

This is an appeal from a judgment entered on December 31, 1898. The cause has been submitted on briefs without oral argument.

Subdivision *a* of Section 3 of Rule X of this court provides that the appellant's brief shall contain "a concise abstract or statement of the case, presenting succinctly the questions involved, and the manner in which they are raised, which abstract shall refer to the page numbers in the transcript in such manner that pleadings, evidence, orders and judgment may be easily found." We quote the only abstract or statement of the case contained in appellant's brief:

"Statement of the Case.

"The plaintiff was the owner of a tract of land in Helena, on which, and as a part of which, was a stream of water. By a former adjudication of the court it had been decreed that one of the rights and possessions of the plaintiff and his partner was at the head or upper end of his claim, seven inches of water, thereafter inseparably a part and parcel of his said property. For many weeks in each year that seven inches was supplied,

but at certain periods waters were so diverted from the gulch as that they did not flow to the head of his claim. By the statute of adverse possession in Montana then in force, applicable to his right, a period of ten years must elapse to preclude the assertion by him in court of his right. During this period he had asserted this right in court and had obtained a decree against the grantors of the defendant annihilating any claim or color of title in them to seven inches of this water, and this defendant stood as a naked trespasser." The statement imparts no information in respect of the action, of the questions involved, or of the manner in which they are raised; nor does it mention the pleadings, evidence, orders, or the judgment, or refer to the pages of the transcript where any of them may be found. It fails in every respect to comply with any requirement of Subdivision *a* of Section 3, *supra.* Upon the authority of *McCleary* v. *Crowley,* 22 Montana Reports, 245, 56 Pacific Reporter, 227, *Smith* v. *Denniff,* 23 Montana Reports, 65, 57 Pacific Reporter, 557, *Rehberg* v. *Greiser,* 24 Montana Reports, 488, at page 490, 62 Pacific Reporter, 820, and of the many other like cases decided by this court, the judgment must be affirmed.

Consideration of the respondent's motion to dismiss the appeal for the reason that the appellant has not furnished the proper record, as well as of the question whether the bill of exceptions is properly before us, is therefore unnecessary.

Let the judgment be affirmed.

*Affirmed.*