CASEY ET AL. RESPONDENTS, *v.* THIEVIEGE ET AL., APPELLANTS.

(No. 1,487.)

(Submitted March 17, 1903. Decided March 19, 1903.)

*Appeal — Briefs — Compliance with Supreme Court Rules—*
*Statement of the Case—Assignment of Errors.*

Where appellant's brief totally fails in substantial particulars to comply with
the requirements of Subdivisions "a" and "b" of Subsection 3 of Supreme
Court Rule X, the judgment or order appealed from will be affirmed, with-
out regard to whether the court's attention is called to the defect in the
brief by the adverse party or not.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by George H. Casey and others against T. Thieviege and others. Judgment for plaintiffs. From the judgment and from an order denying a new trial, defendants appeal. Affirmed.

*Mr. W. C. Jones, Mr. William I. Lippincott,* and *Mr. Thompson Campbell,* for Appellants.

*Messrs. McBride & McBride,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Ejectment. Appeals from a judgment in favor of the plaintiffs and from an order denying defendants' motion for a new trial.

We shall not undertake to investigate the merits of these appeals, for the reason that the brief filed by appellants in support of them does not comply with the rules of this court in two important particulars.

1. It contains no statement of the case in conformity with the requirement of Subdivision "a" of Subsection 3 of Rule X in that it does not contain "a concise abstract or statement of the case, presenting succinctly the questions involved, and the manner in which they are raised," with reference to "the page numbers in the transcript in such manner that pleadings, evidence, orders and judgment may be easily found." The brief opens with a statement that the action is one in ejectment, but does not refer to the pleadings, judgment, or orders in the case, nor does it inform the court whether there is an appeal from the judgment or order, or both, or even that any appeal has been taken. The fact that the cause is in this court on appeal we find only by reference to the notice of appeal contained in the transcript. The brief contains references to the transcript, but these do not furnish the information contemplated by the rule.

2. It contains no assignment of errors, as required by Subdivision "b" of Subsection 3 of the same rule, in that, though four errors are assigned upon rulings made by the court in the admission and exclusion of evidence, the assignments neither set out the evidence *totidem verbis,* nor refer to the page or marginal numbers of that portion of the transcript containing the evidence. This court will not refuse to investigate the merits of an appeal where the brief shows an attempt in good faith to comply substantially with the rules; but where there is a total failure in substantial particulars, as is the case here, we must exact the penalty by affirming the judgment or order complained of. This has grown to be the settled rule of practice in this court, without regard to whether our attention is called to the condition of the brief by the adverse party or not. (*Kranich* v. *Helena Consolidated Water Co.,* 26 Mont. 379, 68 Pac. 408, 71 Pac. 672; *Rehberg* v. *Greiser,* 24 Mont. 487, 62 Pac. 820, 63 Pac. 41; *Charles Schatzlein Paint Co.* v. *Godin,* 24 Mont. 483, 62 Pac. 819, and cases there cited.) These appeals have been pending in this court since October 10, 1899, and, though the rule has been frequently applied since that time, as the foregoing cases and citations therein show, there has been ample opportunity to amend the brief herein, such opportunity has not been improved. We wish again to emphasize the statement that at least a substantial compliance with the requirements of the rules is a necessary prerequisite to the examination of any case upon the merits.

The judgment and order appealed from are affirmed.

*Affirmed.*

Rehearing denied April 10, 1903.