ELLIOTT ET AL., APPELLANTS, *v.* MARTIN ET AL., RESPONDENTS.

(No. 1,483.)

(Submitted March 16, 1903.   Decided March 19, 1903.)

*Appeal—Burden of Proof—Immaterial Question—New Trial —Newly Discovered Evidence — Discretion — Rules of Supreme Court—Briefs.*

1. Where there is sufficient evidence to support a verdict for defendants, the question as to which party had the burden of proof is immaterial on appeal, and will not be determined.
2. It is not an abuse of discretion to refuse a new trial asked on account of newly discovered evidence, where the moving party neither offers any affidavits of the witnesses nor any excuse for failing to do so.
3. Alleged errors assigned in appellant's brief, but not argued by counsel, will not be considered.
4. The failure of appellant's brief to comply with the requirements of Supreme Court Rule X, Section 3, warrants an affirmance of the judgment or order appealed from.

Appeal from *District Court, Silver Bow County; William Clancy, Judge.*

ACTION by J. A. Elliott and another against F. W. Martin and others.   From a judgment for defendants and an order denying a new trial, plaintiffs appeal.   *Affirmed.*

*Mr. Daniel Yancey,* for Appellants.

Upon the defendants rested the burden of proof to establish, by a preponderance of the evidence, the agreement which they plead in defense, and the court should have so instructed the jury.   (Code of Civil Proc., Section 3290; *Stafford* v. *Hornbuckle,* 3 Mont. 494; *Wright* v. *Stewart,* 19 Wash. 179, 52 Pac. Rep. 1020; *Dignan* v. *Spurr,* 3 Wash. 309, 28 Pac. Rep. 529; *Roach* v. *Sumers,* 20 Wall. 165, 22 U. S. 252; *N. Penn. R. R. Co.* v. *Adams,* 93 Am. Dec. 677; see, also, 61 Am. Dec. 58, and note 60; *LeFranc* v. *Hewitt,* 7 Cal. 186; *Finn* v. *Val-*

*lojo St. Wharf Co.,* 7 Cal. 254; *Simmons* v. *Oullahan,* 75 Cal.
508, 17 Pac. Rep. 543.)

*Messrs. Hamilton & Thresher,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the
court.

So far as we are able to determine from the statement of the
case set out in the appellants' brief, this appears to be an appeal
from a judgment entered in favor of the defendants and from
an order denying a motion for a new trial. It appears that the
defendants made and delivered to the plaintiffs their certain
promissory note for $4,280.70, dated February 10, 1891, and
gave as security therefor a chattel mortgage upon a certain
stock of millinery goods used in trade. Appellants allege that
upon default of interest on May 1, 1891, and of a certain in-
stallment of the principal on May 5, 1891, the sheriff of Silver
Bow county, at plaintiffs' direction, took possession of the mort-
gaged goods, and sold the same in the manner provided by the
mortgage, and that the proceeds of the sale—$1,206.85—plain-
tiffs credited on the note. The suit in this case was brought for
the balance alleged to be owing upon the said note. Defendants
contend that prior to May 9, 1891, they made an agreement
with the plaintiffs to take and receive the stock of goods then in
the possession of the defendants in full satisfaction of the bal-
ance owing upon the note, and that the plaintiffs accepted the
goods. Plaintiffs denied the alleged accord and satisfaction,
and now say that the question whether or not there was such
accord and satisfaction is the only issue in the case.

One of the errors assigned is that the evidence is insufficient
to support the verdict. It is enough to say that such examina-
tion as we have been able to give the transcript, without any
material assistance from the brief, discloses the fact that the
testimony is conflicting upon the question relied upon as the
main issue in the case, to-wit, whether there was in fact accord
and satisfaction. The jury seems to have found that there was
such a settlement, and that the defendants were not indebted to

the plaintiffs; therefore, the court having entered judgment for the defendants, and having denied the motion for a new trial, we cannot say that the court erred in holding, in its discretion, that the evidence was sufficient to support the verdict. There seems to have been sufficient evidence, if the jury believed it to be true, given by the defendants in support of their defense of accord and satisfaction; and therefore it is not necessary for us to consider the controversy between appellants and respondents as to which party had upon it the burden of proof, the appellants contending that such burden was upon the respondents.

It is contended, also, in the argument that the court erred in refusing certain instructions numbered 1, 5, 6, 7, 9 and 10. The argument of counsel does not convince us that the court erred in refusing these instructions, or any of them. Whether the court erred for any other reason not appearing in the argument is not for us to inquire, and, as no new points of law not heretofore passed upon by this court are raised, it is not necessary for us to set out at length the said refused instructions, or to go more extensively into our reasons for holding as we do in respect of them.

The court did not err in its discretion in refusing to grant a new trial on the affidavit of plaintiff J. A. Elliott as to newly discovered evidence, for one reason, at least; that is, that Elliott neither offered any affidavits of the witnesses by whom he expected to prove the matters referred to in his affidavit, nor did he offer any excuse as to why he did not submit the same.

Some of the alleged errors assigned in the brief are not argued by counsel, and therefore we do not consider them.

We do not find any substantial error treated of in the argument, and the judgment and order denying a new trial must be affirmed.

A further reason why the judgment and order should be affirmed is that the brief of counsel fails to comply with Rule X, Section 3, in that it does not refer to the page numbers of the transcript in such a manner that the pleadings, evidence, orders, and judgment may be easily found. There is no reference

whatever to the pleadings, orders, or judgment; and again we call attention of counsel to the fact that the rules of this court are made to be obeyed, and are for the purpose of lightening the labors of the court, in order that matters other than those of counsel who fail to comply therewith may be heard and determined. (*Casey* v. *Thieviege,* 27 Mont. 516, 71 Pac. 755, and cases cited.)

*Affirmed.*

MR. JUSTICE HOLLOWAY, having been absent, did not hear the argument and takes no part in the foregoing decision.