## McINTOSH HARDWARE COMPANY, Appellant, *v.* FLATHEAD COUNTY, Respondent.

### (No. 2,088.)

(Submitted March 22, 1905. Decided March 25, 1905.)

*Appeal—Briefs—Dismissal—Action Against County—Attorney General—Attorney of Record.*

Appeal—Briefs—Points Relied upon—Failure to State—Affirmance.
1. Where the brief of the appellant fails to show on what he relies for a reversal of the judgment, and the applicability of the propositions discussed in the brief cannot be determined without an independent investigation by the supreme court, the case stands as if no brief had been filed, and the judgment will be affirmed.

Attorney General—Attorney of Record—Transcript—Briefs—Service.
2. The attorney general is by law (Political Code, section 460) the attorney of record in all causes pending in the supreme court to which a county may be a party, and as such he is entitled to be served with a copy of the transcript and brief.

Actions Against Counties—Attorney General—Transcript—Briefs—Service—Dismissal.
  3.  An appeal by plaintiff in an action against a county may be dismissed for failure to serve the attorney general with a copy of the transcript and appellant's brief, and such dismissal, unless done without prejudice, will be in effect an affirmance of the judgment.  (Code of Civil Proc., sec. 1741.)

*Appeal from District Court, Flathead County; D. F. Smith, Judge.*

Claim by the McIntosh Hardware Company against Flathead county.   From a judgment of the district court affirming a disallowance of the claim by the board of county commissioners, plaintiff appeals.   Affirmed.

*Messrs. Gray & Long,* for Appellant.

*Mr. A. J. Galen,* Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Upon presentation to, and disallowance of its claim by, the board of county commissioners, plaintiff appealed to the district court.   Upon a trial defendant had judgment.   Thereupon plaintiff appealed to this court.   On the day set for the hearing, the attorneys for plaintiff not appearing, the cause was submitted on their brief.   At the same time the attorney general submitted a motion to dismiss the appeal on the ground that he, the attorney of record for defendant, had not been served with a copy of the transcript or appellant's brief, and had no notice of the pendency of the appeal until the time for hearing had arrived.   It is impossible to ascertain from the brief submitted by appellant upon what it relies for a reversal of the judgment—whether upon errors of law committed during the trial, the insufficiency of the evidence to support the findings and decision, or the insufficiency of the findings to support the judgment.   No error is pointed out.   But counsel have devoted several pages to the discussion of legal propositions, the applicability of which to the facts in the record this.

court cannot determine without an independent investigation. This the court cannot undertake to do. The case stands as if no brief had been filed. For this reason the judgment must be affirmed. (*Elliott et al.* v. *Martin et al.,* 27 Mont. 519, 71 Pac. 756; *Casey* v. *Thieviege et al.,* 27 Mont. 516, 71 Pac. 755.)

This disposition of the case renders it unnecessary to consider the motion submitted by the attorney general, though the same result would be reached on a disposition of it. The attorney general is by law the attorney of record for the defendant county (Political Code, sec. 460), and as such was entitled to be served with a copy of the transcript and brief. Following the rule heretofore adopted by this court (*Murray* v. *Livingston,* 29 Mont. 567, 78 Pac. 1116), the appeal might be dismissed. This, unless it were done without prejudice, would be an affirmance of the judgment. (Code of Civil Proc., sec. 1741.)

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.