GOULD, ET AL., RESPONDENTS, v. BARNARD, APPEL-
LANT.

[Submitted October 16, 1893. Decided April 16, 1894.]

NONSUIT.—After the overruling of a motion for nonsuit plaintiff's case is entitled
to any support supplied by the evidence offered on behalf of the defendant.
(*Sweeney* v. *Great Falls etc. Ry. Co.*, 11 Mont. 531; *McKay* v. *Montana Union
Ry. Co.*, 13 Mont. 15, cited.)

MECHANIC'S LIEN—*Subcontractors.*—In an action by subcontractors to foreclose a
lien, proof that the owner paid the contractor without showing that the sub-
contractors received payment is insufficient to defeat the lien, as the owner in
order to protect his property should have seen that the subcontractors were
paid for their work within the contract price.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to foreclose mechanic's lien. Judgment was ren-
dered for the plaintiffs below by MCHATTON, J. Affirmed.

*Robinson & Stapleton*, for Appellant.

*Forbis & Forbis*, for Respondents.

Per CURIAM.—The record herein presents a singular case.
The action was brought to enforce payment of $345.60 for
certain plumbing alleged to have been done in defendant's
building, situate in the city of Butte, Montana, by foreclosure
of a mechanic's lien on said building. The controversy centers
upon the plumbing done in fitting rooms in said building to
be occupied by Dr. Murray. It appears that the block was
rebuilt, after destruction by fire, by J. W. Lambourn, con-
tractor and builder, under a contract with defendant, Barnard,
the owner of said property; that such contract provided for
the construction of said block, with certain plumbing to be
done therein, which building contract, according to the testi-
mony of defendant, contemplated and included the plumbing,
which is the subject of controversy in this suit. It further
appears that plaintiffs were contracted with by said Lambourn
to do certain other plumbing in said building, under two
special contracts, one of which called for plumbing to the
amount of $790, and the other called for plumbing to the
amount of $465. In their complaint plaintiffs set forth three
items of plumbing—the first two above mentioned, and the

third item of $345.60—and admit payment of the first two, and seek to enforce payment for the third item by this action, by foreclosure of the lien which it appears they filed upon said property. Defendant denies that the value of said third item of plumbing exceeded $100, and also alleges that the same was included and paid for in the plumbing comprised in the contract above mentioned, for which $790 were paid.

The jury impaneled to try the issue involved returned their verdict in favor of plaintiffs, and judgment was rendered accordingly, foreclosing their lien. The case is here on defendant's appeal from the order denying his motion for new trial on the assignment that the evidence is insufficient to support the verdict; appellant's counsel insisting that there is no evidence to support the finding that the plumbing here in controversy was done under, or by virtue of, any contract.

We are inclined to the opinion that it might have been necessary to sustain appellant's contention, had the want of a contract or authority to do said work been made an issue, and defendant's counsel had rested their case upon their motion for nonsuit interposed at the close of plaintiffs' testimony; for the record, up to that point, hardly presents sufficient evidence to support a finding in favor of plaintiffs. The weakness of the case, up to that point, lies in the failure to show, substantially, an express or implied contract on the part of defendant, or his builder, Lambourn, with plaintiffs, to do the plumbing in question. But defendant did not rest on his motion for nonsuit, and his position was never so strong afterwards. The testimony which he introduced, we think, materially cures the weakness of plaintiffs' showing, and they are entitled to any support supplied by the evidence offered on the part of defendant after the motion for nonsuit was overruled. (*Sweeney* v. *Great Falls etc. Ry. Co.*, 11 Mont. 531; *McKay* v. *Montana Union Ry. Co.*, 13 Mont. 15.)

It is shown by the evidence offered by defendant that the plumbing in controversy was done in fitting up said rooms for Dr. Murray, as provided in the contract between defendant, Barnard, and Lambourn, contractor, to erect and finish said block. Defendant, Barnard, asserts this in his testimony; and the same is asserted in the deposition of Lambourn, introduced

on behalf of defendant, with the qualification, according to
Lambourn's statement, that such plumbing exceeded that called
for in the building contract by one item.   The same is further
shown by the testimony of Perry on behalf of defendant, to
the effect that he, along with defendant, on the completion of
said building, went through it, and checked up the items of
plumbing, to see whether the same had been done as required
by the terms of the building contract with Lambourn, and
that they found such plumbing, including that in the rooms
for Dr. Murray, done satisfactorily, according to the terms of
said contract.   Therefore, it appears that this plumbing in
controversy was not work or expense put upon said building
in excess of that contemplated by the building contract; and
it also follows that said contractor, Lambourn, pursuant to the
terms of the building contract, was obliged to do, or cause to
be done, the plumbing in said rooms, as it was found by the
owner in checking the work over.   The evidence introduced
on behalf of defendant shows that both the contractor, Lam-
bourn, and Barnard were present every day during the con-
struction and plumbing of said building, superintending the
same.   Now, as observed above, the evidence offered in the
case is obscure, as to showing any special contract to do this
particular plumbing, but the amount of a contract, expressed
or implied, to do the plumbing in said rooms, was not the real
issue presented by defendant's answer.   The answer does not
deny that plaintiffs had authority to do said plumbing.   The
issue tendered is, as before stated: 1. That the value of said
plumbing does not exceed $100; and 2. That it was paid for
in the item of $790 paid to plaintiffs for certain plumbing
in said building, as aforesaid.   The answer does not contro-
vert the fact that plaintiffs had express or implied authority to
do the plumbing in controversy.   The controversy is therefore
narrowed down, according to the pleadings, to the question
whether said plumbing was of the reasonable value alleged by
plaintiffs, and whether it had been paid for, on both of which
issues the evidence offered by defendant hardly raises a substan-
tial conflict.

The case made out shows that defendant contracted with Lambourn to have said plumbing in the rooms to be occupied by Dr. Murray done along with the rest of the plumbing called for in the building contract, and that defendant paid Lambourn therefor. But that plaintiffs received payment for said plumbing is not shown. As the lien law now stands in this state, in order to protect his property against this lien, Barnard should have seen to it that the subcontractors were paid for work done, within the contract price. The building is therefore liable to a lien therefor. Order denying a new trial affirmed.

*Affirmed.*

All concur.