T. C. POWER & BRO., et al., Respondents, *v.* STOCK-ING et al., Appellants.

(No. 1,393.)

(Submitted January 29, 1902.  Decided May 5, 1902.)

*Appeal—Rules of the Supreme Court — Briefs — Review of Evidence—Nonsuit—Failure to Stand on Motion—Aider of Plaintiff's Case.*

1.   A failure on the part of appellants to conform their brief to the requirements of Subdivision 3 of Rule X of the Supreme Court, precludes a hearing of the appeal on the merits.
2.   Where the record on appeal does not show that it includes all the evidence, the question of the sufficiency of the evidence will not be considered.
3.   Where a defendant fails to stand on an adverse ruling on a motion for nonsuit, and there be introduced thereafter other evidence which supplies the defects in plaintiff's case, such evidence inures to plaintiff's benefit, and cures the defect, so that it cannot be urged as a ground for new trial.

*Appeal from District Court, Choteau County; Dudley Du Bose, Judge.*

SUIT to set aside a fraudulent conveyance by T. C. Power & Bro. and another against Winfield S. Stocking and others. From a judgment against certain defendants, they appeal. Affirmed.

*Mr. Wm. G. Downing,* and *Mr. Samuel Stephenson,* for Appellants.

*Messrs. Walsh & Newman,* and *Mr. C. N. Pray,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by plaintiffs to obtain a judgment setting aside conveyances of certain lands situate in Choteau county by defendant W. S. Stocking to his co-defendants Margaret and Katherine L. Stocking, on the ground that the conveyances were made without consideration, and for the purpose of defrauding the creditors of W. S. Stocking. The plaintiffs allege that they are creditors of W. S. Stocking, who is insolvent; that he has no other property out of which they can obtain satisfaction of their claims; and that they have secured liens upon the lands conveyed by Stocking by means of attachments levied thereon and judgments against him.

The district court rendered a judgment setting aside the conveyance to Margaret Stocking, and directing that the lands conveyed, except certain residence property at Fort Benton occupied by the defendants W. S. and Margaret Stocking as their homestead, be subjected to the satisfaction of plaintiffs' judgments. The conveyance to Katherine L. Stocking was found to have been made in good faith and for a valuable consideration. The action was dismissed as to her. The other defendants moved for a new trial, which was denied. They thereupon appealed to this court from the judgment and the order denying a new trial. On motion, the appeal from the order denying a new trial was dismissed. The case is now before us on appeal from the judgment only.

At the hearing in this court, counsel for appellants confined their argument to the sole question whether the district court erred in refusing to direct a nonsuit; expressly waiving all other assignments of error made in the brief. Upon the record before us, we are precluded from considering the case upon the merits, for two reasons:

1. The brief filed by appellants wholly fails to comply with the requirements of Subdivision 3 of Rule X of this court, in that it does not contain "a concise abstract or statement of the case, presenting succinctly the questions in volved, and the manner in which they are raised," with references "to the page numbers in the transcript in such manner that pleadings, evidence, orders and judgment may be easily found." This court has frequently held that it will not undertake the examination of a case when the brief fails to furnish the aid which the rule requires that it shall. (*McCleary* v. *Crowley*, 22 Mont. 245, 56 Pac. 227; *Smith* v. *Denniff*, 23 Mont. 65, 57 Pac. 557, 50 L. R. A. 737; *Rehberg* v. *Greiser*, 24 Mont. 487, 62 Pac. 820, 63 Pac. 41; *Kranich* v. *Helena Consolidated Water Co.*, 26 Mont. 379, 68 Pac. 408.) The statement in this case furnishes no references to the pages of the transcript, so that the pleadings, evidence, orders, and judgment may be easily found. Even the ruling upon the motion for nonsuit, which appellants insist was prejudicially erroneous, is not mentioned; nor is reference made to the page of the transcript where it, or any of the evidence, may be found. We take occasion again to emphasize the necessity of at least a substantial compliance with the rules, as a prerequisite to a hearing by this court upon the merits of the questions discussed in that portion of the brief devoted to the argument. Upon the authority of the cases cited, the judgment must be affirmed.

2. Upon the overruling of their motion for a nonsuit, the defendants introduced their evidence in rebuttal. Plaintiffs also introduced other evidence. The cause was then submitted to the court for consideration and decision. It does not appear by fair inference, either from the recitals in the statement on

motion for a new trial, or from the certificate of the trial judge settling it, or from both, that the statement contains all the evidence heard at the trial. In *State* v. *Shepphard*, 23 Mont. 323, 58 Pac. 868, this court said: "It is well established that, where the error relied on is the insufficiency of the evidence to justify the verdict, the entire evidence, or its substance, which is material, should be before the appellate court, to enable it to say whether or not the order denying a new trial was erroneously made. (*People* v. *Leong Sing*, 77 Cal. 117, 19 Pac. 254.) This being so, it is the duty of an appellant to see to it that his bill of exceptions contains not only all the material evidence, or the substance thereof, but that that fact is properly certified to by the district judge who certifies to the bill, or that the bill of exceptions itself shows that the evidence therein contained and set forth is *all* the evidence had on the trial material to the illustration of the alleged insufficiency thereof to justify the verdict. Where the judge's certificate is relied on, we think it sufficient if it uses any language by which it clearly appears that the bill contains all the evidence, or so much thereof as is necessary to demonstrate the point relied on, and there need be no adherence to any precise words in the certificate of that fact. (*People* v. *Henckler*, 137 Ill. 580, 27 N. E. 602; *Brock* v. *State*, 85 Ind. 397; *Grisell* v. *Noel Bros.' Flour-Feed Co.*, 9 Ind. App. 251, 36 N. E. 452; *Jones* v. *Layman*, 123 Ind. 569, 24 N. E. 363.) Where the bill of exceptions itself is relied on to show the insufficiency of the evidence, it should either set forth in express language that all the evidence, or the substance thereof, or so much thereof as is necessary to illustrate the point relied on, is all incorporated in the bill, or it should contain statements equivalent to such expressions, or it should show a whole, connected narrative, so constructed that it clearly appears that all the material evidence, or the substance thereof, is incorporated in the bill." These remarks, though made with reference to insufficiency of the evidence to sustain a verdict, are equally pertinent to the situation presented in this case. In the absence of some-

thing in the record to show that it contains all the evidence, it is impossible for this court to determine whether the alleged insufficiency of plaintiffs' evidence in chief was not fully cured, either by the defendants' evidence, or by other evidence introduced by plaintiffs.   (See, also, *Currie* v. *Montana Central Railway Co.,* 24 Mont. 123, 60 Pac. 989.)

Though the ruling on the motion may have been erroneous when made, yet, if the defendant does not stand upon it, and there be submitted thereafter other evidence which cures the defect in plaintiff's case, the defendant cannot be heard to complain.  Whether such evidence is furnished by plaintiff or defendant, it will be considered in support of plaintiff's case, and a new trial will not be granted.  (*Alderson* v. *Marshall,* 7 Mont. 296, 16 Pac. 576; *Gould* v. *Barnard,* 14 Mont. 335, 36 Pac. 317.)

In some jurisdictions it is held that if the defendant does not stand on his motion, and other evidence is therafter heard, he waives his right to rely upon an erroneous ruling upon the motion, even though the evidence subsequently heard does not in any way aid plaintiff's case.  In such case the review must be had through an assignment of insufficiency of the evidence as a whole by statement on motion for new trial or bill of exceptions.  Whether this is the correct rule, we do not decide, as it does not arise here.  In any event, it should affirmatively appear from the statement or bill that it contains all the evidence heard by the trial court material to illustrate the alleged insufficiency thereof, as pointed out by the motion.  Otherwise it will not appear affirmatively that the ruling was erroneous.

Let the judgment be affirmed.

*Affirmed.*