ROBERTSON ET AL., APPELLANTS, *v.* LONGLEY ET AL.,
RESPONDENTS.

(No. 1,564.)

(Submitted May 2, 1903.   Decided May 4, 1903.)

*Appeal—Sufficiency of Evidence—Review—Bill of Exceptions
—Specification of Particulars—Complete Record.*

1.   Under Code of Civil Procedure, Section 1152, providing that, when an
exception to a verdict or decision is on account of the insufficiency of the
evidence, the objection must specify the particulars in which the evidence
is alleged to be insufficient, a bill of exceptions containing no specifications
whatever, nor pointing out in any manner any insufficiency, will not war-
rant a review of the evidence.

2.   Where it is not apparent from any recital in the record that it contains
all the evidence, or the substance thereof, and there is no statement in the
certificate of the judge from which it may be inferred that the bill con-
tains all the evidence in substance, its sufficiency cannot be reviewed.

*Appeal from District Court, Park County; Frank Henry,
Judge.*

ACTION by Frank C. Robertson and others against T. W.
Longley and another.   Judgment for defendants, and plaintiffs
appeal.   Affirmed.

*Mr. T. J. Porter,* and *Mr. A. P. Stark,* for Appellants.

MR. CHIEF JUSTICE BRANTLY delivered the opinion
of the court.

This action was brought by the plaintiffs, as stockholders of
the Enterprise Mining & Smelting Company, a corporation, to
obtain a decree declaring the defendants trustees of the title to
the New Enterprise and Blue Mountain quartz lode mining
claims for the benefit of the corporation, and requiring them
to make conveyances of the property to it.   From a judgment in
favor of the defendants, plaintiffs have appealed.

There was no motion for a new trial in the court below, and the only question argued in the brief of appellants is the insufficiency of the evidence to sustain the findings. Upon examination of the transcript, we find that we cannot consider this question for two reasons:

1. Section 1152 of the Code of Civil Procedure provides that, "when the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient." The bill of exceptions found in the record contains no specifications whatever, nor any attempt in any manner to point out any alleged insufficiency of the evidence. It must, therefore, be disregarded.

2. It is not apparent from any recital in the record that it contains all the evidence, or the substance thereof, heard by the court below at the trial; nor is there any statement in the certificate of the judge from which the inference is permissible that the bill contains all the evidence in substance. The record, therefore, does not present the question which appellants desire to have reviewed. (*State* v. *Shepphard,* 23 Mont. 323, 58 Pac. 868; *T. C. Power & Bro.* v. *Stocking et al.,* 26 Mont. 478, 68 Pac. 857; *King* v. *Pony Gold Mining Co. et al.,* 28 Mont. 74, 72 Pac. 309.) The judgment is therefore affirmed.

*Affirmed.*