[No. 4834.    Decided March 21, 1904.]

CITY OF PORT TOWNSEND, *Respondent,* v. SOLOMON LEWIS et al., *Appellants.*[1]

34   413
f37   670
e38   109
38   363

34   413
42   54
f42   160

PLEADINGS—WAIVER BY PLEADING OVER.   A motion to strike portions of a complaint or to make it more definite is waived by pleading over and going to trial on the merits.

APPEAL—REVIEW—HARMLESS ERROR.   Error in the admission of evidence in an action to recover posession of real estate tried before the court upon waiving a jury, is harmless since the supreme court tries the case *de novo* on appeal.

APPEAL—REVIEW—HARMLESS ERROR—WAIVER OF NONSUIT BY GOING TO TRIAL.   In an action tried before the court without a jury, a motion for a nonsuit is waived by going on with the trial.

MUNICIPAL CORPORATIONS—STREETS—EJECTMENT—COMPLAINT—OWNERSHIP OF STREET.   A city may maintain an action of ejectment to recover possession of a portion of a public street, under the statute giving it the control thereof, and the complaint is sufficient without any allegation of ownership where it is alleged that it is a public street.

TRIAL—CROSS-EXAMINATION RESPECTING AFFIRMATIVE DEFENSE—HARMLESS ERROR.   Error can not be predicated upon the exclusion of cross-examination of plaintiff's witnesses respecting defendant's affirmative defense, especially when the matter was subsequently established without contradiction.

ADVERSE POSSESSION—TIDE LANDS—APPLICATION TO PURCHASE FROM STATE—CLAIM NOT ADVERSE.   Adverse possession of a public street across tide lands for ten years is not shown where during the period the claimants were contesting with the officers of the city a claim of a preference right to purchase the lands from the state, since such act is inconsistent with the claim of adverse right.

SAME—SEVEN-YEAR STATUTE INAPPLICABLE WITHOUT COLOR OF TITLE, OR IN CASE OF PUBLIC USE.   A claim to adverse posession of lands can not be made under Bal. Code, § 5503, where the claimant does not hold under color of title, nor where the lands were held for a public purpose, viz., a public street.

APPEAL—RECORD—COSTS—SHOWING ON MOTION TO RETAX.   A motion to retax the costs allowed below will not be considered on

[1]Reported in 75 Pac. 982.

appeal where the record does not disclose the showing that was made below, and all the costs might be taxed under certain circumstances.

Appeal from a judgment of the superior court for Jefferson county, Hatch, J., entered March 19, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court, a jury being waived, awarding plaintiff possession of a public street. Affirmed.

*Sachs & Hale,* for appellants.

*A. W. Buddress,* for respondent.

FULLERTON, C. J.—The respondent, the city of Port Townsend, brought this action to recover possession of, and quiet its title to, a portion of land claimed by it as a public street, of which the appellants were in possession. From the record it appears that the predecessors in interest of the appellants, during the years 1885, 1886, and 1887, constructed on tide lands in front of the city of Port Townsend a wharf, extending from the shore out towards deep water a distance of some three hundred feet. They were in possession, and in the actual use, of this wharf at the time the Territory of Washington was admitted into the Union as a state—the time the lands on which the wharf was constructed became state property. After the admission of the territory as a state, the city of Port Townsend, pursuant to the authority of the state constitution and the laws passed thereunder, extended its streets across the tide lands lying in front of itself, one of which, known as Front street, crossed the end of the appellants' wharf, cutting off some one hundred and five feet thereof. The builders of the wharf continued in its possession, and, when the board of appraisers for tide and shore lands were appraising tide lands in front of the city of Port Townsend in 1895, they sought to have that board

appraise the lands in the street covered by their wharf as
state lands, so that they might purchase the same as tide
lands upon which they had improvements, and on the
refusal of the board to make such an appraisement, brought
mandamus against them to compel them so to do. The trial
court refused to grant the writ, and an appeal was duly
taken to this court, where the judgment of the trial court
was affirmed. In that case, which was against the pred-
ecessors in interest of the present appellants, the validity
of the dedication, and the proceedings taken to establish
the street called Front street, as well as the rights of the
possessors of the property to purchase it from the state,
were in issue, and were determined against the rights of
the applicants for the writ. The applicants continued in
possession, however, and they, with the successors in inter-
est, the appellants, have been in possession ever since; in
fact, there has been a continuous possession of the wharf
by the appellants and their predecessors in interest ever
since the same was constructed in 1887.

In its complaint the city set out the proceedings had to
establish the street, the decision of the trial court and of
this court in the mandamus proceedings before mentioned,
and averred that the appellants were in possession of a
portion of the street claiming an interest therein, but with-
out right. It prayed that its title and right to the street
be established and quieted, that the appellants be ejected
therefrom, and for general relief. The appellants moved
to strike from the complaint certain parts thereof, and to
make certain other parts more definite and certain. The
motion to strike was sustained as to all that part of the
complaint relating to the mandamus proceedings and the
judgment of the court thereon, and overruled as to the
remainder. The appellants thereupon filed a general de-
murrer to the complaint, which was also overruled, where-

upon they answered, putting in issue its material allegations, and pleading affirmatively the statute of limitations, and certain facts thought to estop the city from asserting its rights to the street in question, if any it ever had. A reply was filed, denying generally the allegations of the answer, and again setting out the mandamus proceedings, with the judgments entered therein. A jury was waived, and a trial had before the court, resulting in findings and a judgment for the city.

The appellants assign, among other things, that the court erred in overruling, in part, their motion to strike from the complaint, and to make certain allegations thereof more definite and certain; that it admitted evidence over their objections, and that it refused to grant a motion for nonsuit, made at the conclusion of the respondent's evidence. These assignments, however, suggest questions which are of no moment at this stage of the proceedings, no matter how pertinent they may have been at the time they were presented to the lower court. A motion to strike, or to make more definite and certain, is waived by pleading over and going to trial on the merits. Had the appellants stood on their motion, and appealed from the judgment the trial court might have thereafter entered against them, this court would listen to their objections, but they cannot have the benefit of the technical objection and the benefit of a hearing on the merits at the same time. They must waive either one or the other, and, when they proceed to the merits, it is a waiver of the technical objection.

The claim that the trial court erred in the admission of evidence is equally without avail. The case is one which this court tries *de novo,* in so far as the findings have been excepted to, and, this being so, it will disregard any evidence which it finds inadmissible. It is also immaterial whether or not the trial court erroneously refused to grant

a nonsuit. By going on with the trial, and introducing evidence on their behalf, the appellants waived any technical advantage they might have availed themselves of by such a motion. Of course, if the evidence of the respondent did not at that time warrant a recovery, and the defect in the evidence was not subsequently supplied, the appellants can now successfully urge that the evidence before the court is insufficient to justify the findings and judgment, but the' court must look to the whole of the evidence to ascertain that fact, not alone to the evidence of the respondent.

It is next urged that the complaint fails to state facts sufficient to constitute a cause of action. It is said there is no allegation in the complaint to the effect that the respondent is the owner, or entitled to the possession, of the street in question. Facts are alleged, however, which show it to be a public street of the city of Port Townsend, and, if a city of the third class may maintain an action of ejectment to recover a portion of one of its public streets, the complaint states a cause of action. On this question we have no doubt that such a right is vested in the city. By the statute it is given the right "to sue and be sued," and "to establish, lay out, alter, keep open, open, widen, vacate, improve and repair streets," etc., which is undoubtedly a grant of power sufficient to enable it in some manner to protect its streets against the encroachment of individuals. While the cases are not uniform on the question, we think the better rule is that the city may maintain a civil action for that purpose. *Southern Pacific Co. v. Hyatt,* 132 Cal. 240, 64 Pac. 272, 54 L. R.' A. 522; *People v. Holladay,* 93 Cal. 241, 29 Pac. 54, 27 Am. St. 186; *Metropolitan City R. Co. v. Chicago,* 96 Ill. 628.

The next contention is that the court erred in sustaining an objection to certain questions asked the respondent's witnesses on cross-examination. These questions, it seems

to us, called for matter pertaining to the appellants' affirmative defense, and were properly refused as not cross-examination. But were it otherwise, we hardly think the appellants could be heard to complain of it successfully. The fact thus sought to be established was subsequently testified to by the appellants' witnesses, and, as there was no contradictory evidence, it may be taken as established.

· The principal contention of the appellants is, however, that the action is barred by the statute of limitations, and to the argument of this question the principal part of the briefs is devoted. We have not, however, found it necessary to follow counsel on the main branch of this question; for, if it be conceded that title to a portion of a public street can be acquired by adverse possession during the period of the statute of limitations, it seems to us that the appellants' proofs fall short of showing such a possession as the rule requires. Undoubtedly they have shown actual and exclusive possession of the property in dispute, by themselves and their predecessors in interest, for more than ten years prior to the commencement of this action, but we think they have failed to show that such possession was adverse for that length of time. The record shows that, as late as 1895, they were contesting with the officers of the state and municipality their claim of a preference right to purchase these very lands. These acts on their part were wholly inconsistent with the idea of an adverse possession. To constitute an adverse possession there must be not only an ouster of the real owner, followed by an°actual, notorious, and continuous possession on the part of the claimant, during the statutory period, but there must have existed an intention on his part, for a like period, to claim in hostility to the title of the real owner. *Blake v. Shriver,* 27 Wash. 597, 68 Pac. 330. Possession is not adverse,

"if it be held under or subservient to a higher title."
*Bellingham Bay Land Co. v. Dibble,* 4 Wash. 764, 31 Pac.
30. Tested by these rules, there was no adverse posses-
sion prior to 1895, and, if it be conceded that possession,
subsequent to that time, was of a character to put the
statute in motion, it has not continued for the required
period.

The appellants also claim by virtue of § 5503, Bal.
Code, but plainly this section is inapplicable for at least
two reasons. In the first place, title is conferred thereby
only when the claimant holds under color of title for the
prescribed period, and the appellants in this instance have
no color of title; and in the second, it is provided specially
that it does not extend to lands or tenements held for any
public purpose, and these lands are held for a public pur-
pose, namely, a public highway.

The appellants have brought up in the transcript a cer-
tified copy of the cost bill filed in the court below, their
motion to retax the costs, and the journal entry of the court
denying the motion, and urge us to review the matter. What
showing was made at the hearing of the motion does not
appear, and the record is insufficient, for that reason, to
enable us to determine whether or not there was any error
in the ruling of the court. If the cost bill contained items
which under no circumstances could be taxed as costs, this
court would, on the showing made, strike them out. But
the items objected to are not of that character. They could
all be taxed under certain circumstances, and this court is
bound to presume, in the absence of a record showing the
actual circumstances, that sufficient was made to appear to
justify their taxation by the court below.

The appellants also make the contention that the evidence
was insufficient to justify the findings of fact, but we think

the record fully supports the trial court. There being, therefore, no substantial error, the judgment must be affirmed, and it is so ordered.

DUNBAR, HADLEY, ANDERS, and MOUNT, JJ., concur.