[No. 1850]

## EUGENE F. McCAFFERTY, Respondent, *v.* MAY M. FLINN, and E. L. CASE, Appellants.

1. Dismissal and Nonsuit—Statutes—"Sufficient Case for a Jury."

Section 3246 of the Compiled Laws, subdivision 5, authorizes the granting of a nonsuit by the court on motion of defendant when on the trial the plaintiff fails to prove a "sufficient case for the jury." *Held*, that the words quoted were not words of limitation as to cases which were only tried before a jury, but were intended to prescribe the test of the sufficiency of the evidence; and hence the court's right to grant a nonsuit extended to equity cases, and was not limited to those only which were triable to a jury.

2. Trial—Nonsuit—Evidence.

A motion for a nonsuit must be denied if, taking every fact which plaintiff's evidence tends to prove and essential to his recovery and every inference or fact that can be legitimately drawn therefrom, and giving plaintiff the benefit of all legal presumptions arising from the evidence interpreted most strongly against the defendant, a jury might find in plaintiff's favor.

3. Appeal and Error—Grounds of Ruling.

A ruling will not be reversed on appeal merely because an erroneous ground was given therefor if it was in fact correct.

4. Appeal and Error—Denial of Nonsuit—Waiver.

Defendants, not having stood on their motion for nonsuit, which was denied, but having proceeded to the introduction of proof, could not claim a reversal for error in denying the nonsuit.

5. Time—Excluding Sunday—Filing Cost Bill.

The civil practice act, section 486 (Comp. Laws, 3581), declares that the party in whose favor a judgment is rendered and who claims costs shall deliver his cost bill to the clerk within two days after the judgment or decision as provided by law; and section 3601 declares that the time within which an act may be done shall be computed by excluding the first day and including the last, except that, if the last day shall be Sunday, it shall be excluded. *Held*, that, where a judgment was rendered on Saturday, the time within which the successful party could file his cost bill expired on Monday.

6. Appeal and Error—New Trial—Review.

Where a motion for new trial was made on the ground of newly discovered evidence, and also because the evidence was insufficient to sustain the judgment, and it appeared that there was a substantial conflict therein, an order granting the motion would not be disturbed on appeal.

Appeal from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *John S. Orr*, Judge.

Action by Eugene F. McCafferty against May M. Flinn and another. From an order granting plaintiff a new trial as to

defendant Case, defendant Flinn having been dismissed, Case appeals. **Affirmed.** Petition for rehearing. **Denied.**

The facts sufficiently appear in the opinion.

*Edward C. O'Brien* and *Fred B. Hart*, for Appellant:

I.    Applications for new trials upon the ground of newly discovered evidence must be looked upon with suspicion and disfavor because the temptations to make a favorable showing after having sustained a defeat is great.   A party who relies upon that ground must make a strong case, both in respect to diligence on his part in preparing for the trial, and as to the truth and materiality of the newly discovered evidence, and that, too, by the best evidence which can be obtained.   If he fails in either respect his motion must be denied.   (*Arnold* v. *Skaggs*, 35 Cal. 687, 688; *Caminster* v. *Garrison*, 18 Wis. 594.) Due diligence must be shown in the affidavit on motion for a new trial by setting forth the evidentiary facts showing what the movant did, so that the court itself can determine from the facts whether or not due diligence was exercised in seeking such evidence in preparing their case; less than that will not be sufficient.   The affidavit on motion for a new trial must state not only that the supposed newly discovered evidence was discovered since the trial, but also that the movant exercised due diligence in seeking the evidence prior to the termination of the trial.   (*Howard* v. *Winters*, 3 Nev. 543.) It is not sufficient· that the affidavit state ultimate facts. (*Loring* v. *Davenport*, 99 Iowa, 479; 14 Ency. Pl. & Pr. 905.) The question as to whether or not the movant exercised due diligence is for the court, not for the movant.   (*State* v. *Schaeffer*, 56 Mo. App. 496; *Brooks* v. *Lyons*, 3 Cal. 113; 14 Ency. Pl. & Pr. 752.)

*Seeds & Harwood*, for Respondent.

By the Court, Sweeney, J.:

This action was instituted by plaintiff in the District Court of the Second Judicial District of the State of Nevada, in and for the County of Washoe, to recover from defendants one Pope Toledo automobile, type XII, model 1906, or the sum of

$1,200, alleged to be its value, in case a delivery could not be had, together with $2,500 damages and costs of suit.     Prior to proceeding with the trial, an agreement was entered into between the plaintiff and the defendant May M. Flinn upon considerations mutually satisfactory to both, wherein the said defendant May M. Flinn was released of any responsibility, and the suit continued against defendant Case.     It appears from the testimony that on the 15th day of May, 1908, the plaintiff was the owner of the automobile in question, and that the defendants purchased from plaintiff said automobile, giving plaintiff therefor an order for 5,000 shares of stock in the Battling Nelson Mining Company, which stock plaintiff and defendants agreed as being of the value of $350; that in addition to this mining stock the plaintiff received from defendants, in further consideration of said automobile, two promissory notes from May M. Flinn for $200 and $150, respectively, and the joint note of defendants in this action for the sum of $500.

It is alleged by plaintiff that defendants procured possession of said automobile by deceit and fraud in falsely representing the value of the mining stock aforesaid and the nature, value, and character of the mining claims of said company, and further alleged that the company had forfeited its mining claims prior to the transfer of said stock as part consideration for said automobile.     Plaintiff further alleged that defendants fraudulently represented defendant Flinn to be worth $75,000 and the owner of other resources of great value, wherein as alleged the defendant Flinn was a woman with no means whatsoever, and that the value of said promissory notes through said misrepresentations was a part of the scheme to defraud plaintiff out of his automobile.     The case came on regularly for trial before the court without a jury, and, after the hearing on the merits of the case, judgment was rendered in favor of defendant Case.     A motion for a new trial was regularly made by plaintiff, the application being based upon five of the seven grounds specified in section 195 of our civil practice act (Comp. Laws, 3290), which enumerates the various grounds upon which a new trial may be sought, and more particularly upon the ground that the evidence was insufficient to justify the

decision of the court, and since the trial plaintiff had discovered material new evidence which he could not, with reasonable diligence, have discovered and produced at the former trial. This latter ground was supported by the affidavits of plaintiff and H. J. Darling. The motion for a new trial was regularly heard and argued, and the trial court granted a new trial. From this order granting a new trial and other assigned errors which we will hereafter discuss and consider, defendant appeals.

Defendant assigns as error the action of the trial court in refusing to entertain his motion for a nonsuit at the conclusion of the plaintiff's case. After an examination of the evidence adduced by plaintiff in chief under the rule recently reiterated in the case of *Burch* v. *Southern Pacific Company*, 32 Nev. 75, as to when courts should grant or deny motions for nonsuit, we think the court would be obligated in the present case to deny the motion of defendant for a nonsuit, which we will hereafter show, yet we believe the court erred in denying the motion upon the specific ground assigned by the court, to wit, that in cases tried before the court without a jury no motion for a nonsuit could be entertained. In order that this mooted question of practice may be settled, let us view the statute in question in the light of the common law and the decisions which may bear on a proper construction to be given said section. Section 3246 of our Compiled Laws enumerates in what cases a dismissal of the action or nonsuit will be granted; the fifth subdivision of said section reading as follows: "Fifth—By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury." We think the proper construction to be placed upon this subdivision is that the rule as to the granting or refusal of a motion for a nonsuit should be the same, whether the trial is had before the court or a jury.

We think that the legislature intended, when it stated that a nonsuit would be granted when the plaintiff failed to prove a "sufficient case for a jury," that these words were not meant as words of limitation as to cases which were tried only before a jury, but they were meant to be a guide to the court as a statutory test of the sufficiency of the evidence; the test being

that, if the plaintiff proved a case which would be sufficient to submit to a jury where a jury were had, the court, if the case was tried before the court without a jury, would be warranted and obligated to deny the motion; but, if the plaintiff failed to make such a case which would be sufficient to submit to a jury, the court must grant the motion. (*Freese* v. *Hibernia Savings Society*, 139 Cal. 392, 73 Pac. 172.) Under the common law a defendant could demand a ruling on the sufficiency of the case made by plaintiff at any time before the jury retired, where it appeared that plaintiff had not made a sufficient case by demanding a nonsuit, and, if warranted, it would be granted.

In *Burch* v. *Southern Pacific Company*, 32 Nev. 75, in considering the rule to be applied by the court in granting or refusing a motion for a nonsuit, we said:

"The rule has been well established in this and other courts that, in considering the granting or refusing of a motion for nonsuit, the court must take as proven every fact which the plaintiff's evidence tended to prove, and which was essential to his recovery, and every inference of fact that can be legitimately drawn therefrom, and give the plaintiff the benefit of all legal presumptions arising from the evidence, and interpret the evidence most strongly against the defendant. (*Fox* v. *Myers*, 29 Nev. 183; *Patchen* v. *Keeley*, 19 Nev. 409; *Hanley* v. *California Bridge Co.*, 127 Cal. 237, 59 Pac. 577, 47 L. R. A. 597; *Lowe* v. *Salt Lake City*, 13 Utah, 91, 44 Pac. 1050, 57 Am. St. Rep. 708; *Brown* v. *Warren*, 16 Nev. 228; *Railway Co.* v. *Lowery*, 74 Fed. 463, 20 C. C. A. 596; *Insurance Co.* v. *Rhea*, 123 Fed. 9, 60 C. C. A. 103.)

"The rule has been well established that a case should not be withdrawn from the jury when reasonable men might fairly differ on questions of fact as to whether or not a plaintiff was guilty of such negligence as to constitute contributory negligence, and the conclusion that follows as a matter of law, unless the testimony is so conclusive as to compel the court to set aside a contrary verdict. (*Solen* v. *Railway Co.*, 13 Nev. 127; *Linden* v. *Anchor Co.*, 20 Utah, 134, 58 Pac. 358; *C. & N. W. R. Co.* v. *DeClow*, 124 Fed. 142, 61 C. C. A. 34; *Texas Ry. Co.* v. *Cox*, 145 U. S. 606, 12 Sup. Ct. 905, 36 L. Ed. 829;

*Phœnix Assur. Co.* v. *Lucker*, 77 Fed. 243, 23 C. C. A. 139; *Phœnix Mutual Life Ins. Co.* v. *Doster*, 106 U. S. 32, 1 Sup. Ct. 18, 27 · L. Ed. 65; *Conn. Ins. Co.* v. *Lathrop*, 111 U. S. 615, 4 Sup. Ct. 533, 28 L. Ed. 536; *Gunther* v. *Liverpool Assur. Co.*, 134 U. S. 116, 10 Sup. Ct. 448, 33 L. Ed. 857; *Haines* v. *McLaughlin*, 135 U. S. 598, 10 Sup. Ct. 876, 34 L. Ed. 290.)"

In so far as this particular assignment of error is concerned, while the court erred in denying the motion for a nonsuit on the ground specified by the court, yet the evidence was such that the motion for a nonsuit should have been denied, and such error is therefore not prejudicial to the rights of defendant. Anyway, appellants not having stood on their motion for a nonsuit, they are in no position to ask this court to reverse the judgment on this error assigned. As was stated by this court in the case of *Reno Brewing Co.* v. *Packard*, 31 Nev. 433: " We need not consider, we think, the contention of counsel for appellant that the trial court should have sustained the motion for a nonsuit. Whatever, if anything, was lacking to establish plaintiff's right of recovery at the time it rested its case, was certainly furnished by the testimony of the defendants. Where such a condition exists, the appellate court would not be warranted in reversing a judgment. (*Power* v. *Stocking*, 26 Mont. 478, 68 Pac. 857; *City* v. *Lewis*, 34 Wash. 413, 75 Pac. 982.)"

It appears from the evidence in this case that the purported sale of the automobile in question, which gave rise to this controversy, was made on the 15th day of May, 1908. The plaintiff alleges that the sale was induced by false representations and fraud, and issue was regularly joined thereon. In view of the testimony of the plaintiff that Case represented the stock in the mining company as a working mine at the time of the purported sale, and that by reason of a strike in the property at or about the time of the sale, as represented by Case, he raised the agreed value of the 5,000 shares of stock from $300 to $350, and the further testimony adduced that the mine had forfeited its legal existence on January 1, 1908, preceding the sale, by reason of its failure to do its annual assessment work, as required by law, and that the West Comstock Mining Company was in possession of the same mining

ground represented by Case as belonging to the Battling Nelson Mining Company on which the purported strike was made, impelling Case to advance the price of the stock when that company had not claimed the mining ground in question since the preceding January, and other testimony unnecessary at the present time to review, we think, under the rule above stated, the court would have been obligated to deny the motion for a nonsuit.

Appellant assigns as further error the action of the trial court in striking out defendant's cost bill upon motion of plaintiff, for the reason it was not filed within the time required by law. It appears that the judgment in this case was rendered on a Saturday, and that the cost bill was not filed until the following Tuesday. Section 486 of our civil practice act (Comp. Laws, 3581) provides that the party in whose favor judgment is rendered and who claims his costs shall deliver to the clerk of the court within two days after the judgment or decision, or such further time as the court or judge may grant, his cost bill as provided by law. In this case no further time was granted, and we must be guided by the time required by the statute. The question now presents itself as to whether or not the trial court erred in striking the cost bill by reason of it not being filed within the time required by law. Section 3601 of our Compiled Laws provides: "The time within which an act is to be done, as provided in this act, shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded." Appellants contend that the first day being Saturday, it should have been excluded, and the following day, being Sunday, it should have been excluded also. Therefore appellant would have all of Monday and Tuesday as the full two days allowed by the statute to file his cost bill. We do not so construe the statute, or believe it to be the law. It has been the settled practice in this state so long that custom has practically crystallized it into law that where Sunday intervenes between the first and last days to count Sunday as a regular day. Undoubtedly the rule is in computing time in this state that the first day is to be excluded and the last day included, providing the last day does not fall on Sunday, in

which event Sunday would be excluded and another day given. In the present case Saturday was properly excluded, and appellant had all of Monday within which to file his cost bill, and, not having filed the same until the following Tuesday, the court properly struck the same from the files. Had the legislature intended to exclude Sunday from being counted as a day, when it falls during the first and last days, we believe it would have so stated, particularly in view of the fact that it has made special reference as to when Sunday is to be excluded, and, according to well-known rules of statutory construction, we think, the statute should be construed as indicated.

We come now to consider the main error assigned by counsel for appellant, that the trial court erred in granting the motion for a new trial by reason of newly discovered material evidence found after the trial which could not have been discovered with the diligence required by law. As before stated in this opinion, the motion for a new trial was made on five of the seven grounds provided by the statute for the securing of new trials. Upon the particular ground contended by counsel for appellant that plaintiff did not make a sufficient showing in his application for a new trial, affidavits of the plaintiff and H. J. Darling were introduced in support of the application for a new trial. The affidavit of plaintiff laid special stress upon the particular ground that the evidence was not sufficient to sustain the judgment of the court. The affidavit of Mr. Darling stated, in effect, that while traveling on the railroad between Reno and San Francisco during the month of February the defendant Case told the deponent Darling that the claims of the Battling Nelson Mining Company had been forfeited, thereby making this evidence material in showing that the defendant Case knew of the worthlessness of the mining claims prior to the 15th day of May, the date on which the sale of the automobile took place. This evidence, respondent claims, if produced, would warrant the court in reversing its judgment. The court, in passing upon the application for a new trial, did not grant the new trial exclusively upon the showing made by the affidavits of the plaintiff and Mr. Darling, but stated that the newly dis-

covered evidence offered "in connection with other evidence produced by plaintiff upon the trial of the case" was sufficient to entitle plaintiff to a new trial.

In view of the broad discretion vested in district courts in granting new trials, where the court is of the opinion that the evidence adduced at the trial, taken in connection with the newly discovered evidence, is insufficient to support the judgment, and where the record discloses a motion for a new trial is made on the ground of newly discovered evidence, and the further ground that the evidence is not sufficient to sustain the judgment, and a review of the evidence discloses that there is a substantial conflict in the evidence, the rule is well established that appellate courts will not disturb the order granting the motion for a new trial.

The order of the trial court in granting the new trial is affirmed. (*McLeod* v. *Lee*, 14 Nev. 398; 29 Cyc. 913–918; *Wall* v. *Trainor*, 16 Nev. 131.)

It is so ordered.

### ON PETITION FOR REHEARING

PER CURIAM:

The petition for rehearing is hereby denied. (June 7, 1910.)