[No. 1854]

# JOHN HOCHSCHULTZ, RESPONDENT, *v.* POTOSI ZINC COMPANY (A CORPORATION), APPELLANT.

1. APPEAL AND ERROR—WAIVER OF ERROR—DENYING MOTION FOR NONSUIT.

Defendant by offering testimony, and not standing on its motion for nonsuit, waived the motion so that it cannot rely, on appeal, on error in denying the motion.

2. TRIAL—TAKING CASE FROM JURY—FAILURE TO QUESTION SUFFICIENCY OF EVIDENCE—EFFECT.

Where defendant waived its motion for a nonsuit by offering evidence, the only manner of testing the sufficiency of plaintiff's evidence is by motion for new trial upon the ground of insufficiency.

3. NEW TRIAL—DETERMINATION OF MOTION—MATTERS CONSIDERED.

On defendant's motion for new trial for insufficiency of the evidence, the evidence given by defendant will be considered as well as that given for plaintiff.

4. APPEAL AND ERROR—EXCEPTIONS—INSTRUCTIONS—SUFFICIENCY.

Exceptions to instructions stating that defendant desired to note a special exception to each instruction given to the jury at plaintiff's request, to each instruction given by the court of its own motion, and to each instruction requested by defendant and refused were not sufficient under the statute to authorize a review of error in giving and refusing the instructions.

5. APPEAL AND ERROR—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In an action against defendant zinc mining company for injuries to one employed as a mucker by an explosion, any error in excluding a question to plaintiff on cross-examination whether his uncle did not state in the presence of an officer of defendant that plaintiff was a miner could not have prejudiced defendant, where the evidence was conflicting whether defendant was informed by plaintiff, or by his uncle with his knowledge, that plaintiff was a miner, and defendant's books showed that plaintiff was given a miner's wages at the start, but his pay was reduced to that of a mucker six days thereafter, at which wages he continued to work.

6. MASTER AND SERVANT—INJURIES—ACTIONS—EXCLUSION OF EVIDENCE.

In an action against defendant zinc mining company for injuries to one employed as a mucker by an explosion, the court struck out an answer of the mine superintendent that plaintiff set off his shots about half an hour before the rest of the men, in answer to a question as to what occurred with regard to plaintiff's appointment as a miner on the sixth day of his employment. *Held*, that the court's ruling did not prevent defendant from directly asking witness why plaintiff's employment was changed on the sixth day after he was employed from that of miner to mucker; and hence was not erroneous as preventing it from showing such fact.

7. MASTER AND SERVANT—INJURIES—ACTIONS—ADMISSION OF EVI-
DENCE.
    In an action for injuries to one employed as a mucker in a
    zinc mine by the explosion of a "missed shot," a question as to
    how many accidents occurred in the mine during a period of
    three years was properly excluded, where defendant was per-
    mitted to show that missed shots frequently happened in the
    mine; accidents from other causes being immaterial.

APPEAL from the District Court of the Fourth Judicial
District of the State of Nevada, Lincoln County; *Geo. S.
Brown*, Judge.

Action by John Hochschultz against the Potosi Zinc
Company. From a judgment for plaintiff, defendant
appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Leon French*, for Appellant.

*Frank A. Cattern* and *W. R. Thomas*, for Respondent.

*Per Curiam:*

This is an action brought by respondent against appel-
ant to recover damages for personal injury in the sum of
$50,000. The case was tried by a jury and a verdict
returned in favor of the plaintiff (respondent herein) in
the sum of $9,500, and judgment entered accordingly.
From the judgment the defendant has appealed.

At the time the cause of action arose appellant was
engaged in the operation of a mine in that part of Lin-
coln County, now Clark County, known as the Potosi
zinc mine. For a period of some seven months prior to
the accident which occasioned respondent's injuries, the
respondent had been in the employ of the appellant as
a "mucker," and was so employed when the accident
occurred. On the morning of the accident the night
shift were alleged to have left a "missed hole" in what
is termed the "short drift." Through the accidental
explosion of said missed hole, respondent received the
injuries which formed the basis of the action.

The record on appeal contains sixty assignments of
error, twenty-seven of which relate either to the giving

of instructions to the jury or to the refusal or modifica-
tion of requested instructions.  With the exception of the
assignment that the court erred in overruling a motion
for a nonsuit at the conclusion of plaintiff's evidence, all
the other assignments relate to rulings of the court upon
objections to the admissibility of testimony.

The appellant is not in position to take advantage of
error, if any there was, in the order denying the motion
for a nonsuit.  The defendant did not stand on the
motion, but offered testimony in defense of the action
and thereby waived the motion for a nonsuit.  (*McCaf-
ferty* v. *Flinn*, 32 Nev. 269; *City* v. *Lewis*, 34 Wash. 413,
75 Pac. 982; *Reno Brewing Co.* v. *Packard*, 31 Nev. 443;
*Power* v. *Stocking*, 26 Mont. 478, 68 Pac. 857.)

If, as a matter of fact, the plaintiff had failed to make
out a sufficient case for the jury by not standing on the
motion for a nonsuit, the only way the sufficiency of the
evidence could be tested would be by motion for a new
trial upon the ground of such insufficiency, in which
event the point would be determined upon the entire
evidence—that for the defendant as well as that for the
plaintiff.  (Authorities, *supra.*)  The sufficiency of the
evidence as a whole is not before us for consideration.

The following is the only exception taken to the instruc-
tions: "At this time the defense desires to note a special
exception to each instruction given to the jury at the
request of the plaintiff, to each instruction given to the
jury by the court of its own motion and without request,
and to each instruction requested by the defendant and
refused." That an exception of this character is not suf-
ficient under the provisions of our statute to authorize a
review of the same has been too frequently decided to
require extended comment.  This may well be called a
blanket exception, without any point or points whatever
stated.  The reasons for holding such an exception as of
no effect are fully covered by the opinion of this court in
*McGurn* v. *McInnis*, 24 Nev. 370, and other authorities
therein cited.  Hence further comment is unnecessary.

See, also, *Paul* v. *Cragnaz*, 25 Nev. 311, 47 L. R. A. 540;

*Schwartz* v. *Stock*, 26 Nev. 150; *Schlitz  Co.* v. *Grimmon*, 28 Nev. 252; *Tonopah L. Co.* v. *Riley*, 30 Nev. 321

Many of the assignments of error as to the rulings of the court on the admission or exclusion of testimony are without any proper exception, but in such instances it is manifest from a casual reading that no prejudicial error occurred in such rulings. Excluding a number of assignments where manifestly prejudicial error could not have occurred, we proceed to consider those which have required some investigation to determine.

Plaintiff was asked upon cross-examination if his uncle did not state in the presence of an officer of the defendant corporation that the plaintiff was a miner. Conceding that the sustaining of the objection to this question was error, we are unable to see wherein it could have prejudiced the defendant. Plaintiff testified that he had never said that he was a miner, but, on the contrary, told the mine superintendent that he was not. A witness for the defendant testified that the uncle of defendant in defendant's presence did so state to the superintendent of the mine that the plaintiff was a miner, and that the plaintiff nodded his assent. Plaintiff testified that, when he went to work at the mine, he told the superintendent that he was not a miner, and the latter told him he would show him how to work. The books of the defendant company, offered in evidence, showed that the plaintiff was given miner's wages to begin with, but that after six days' work his employment was changed to that of mucker, with the reduced pay of a mucker, and that he continued at that wages until the time of the accident.

In the testimony of W. E. Smith, a witness for the defendant and the superintendent in charge of the mine, occurs the following question and answer: "Q. What, if anything, occurred with regard to John's appointment as a miner on the sixth day of his employment? A. He set his shots off about half an hour before the time with the rest of the men inside of the mine." Upon motion of counsel for the plaintiff this answer was stricken out. Counsel for the defendant did not attempt to point out

to the court the materiality of this answer, but it is contended in the brief on appeal that it was for the purpose of showing why the defendant was changed from the employment of a miner to that of a mucker. The ruling of the court certainly did not prevent counsel for defendant asking the witness the direct question—why the plaintiff was changed in his employment—and showing such reasons as actuated the defendant in making the change.

Error is assigned in the ruling of the court sustaining plaintiff's objection to the question asked the same witness: "Q. State, if you know, how many accidents have occurred at the Potosi mine during that period?" The period covered was three years. We are unable to see any error in this ruling. Defendant was permitted to show, and did show, that missed shots occurred frequently in the mine. Accidents from some other cause are not of any importance in this case.

We have not been able to find anything in the record that would justify a reversal of this case. A number of points, which have been elaborately argued, were not presented in such shape that they could be considered, for the reason before stated—that no proper exception was raised in the lower court.

The judgment is affirmed.